Marshall IVY, Appellant,

v.

Cecil CARRELL, Appellee.

No. 6814.

Court of Civil Appeals of Texas.

Beaumont.

March 24, 1966.

Rehearing Denied April 13, 1966.

Glenn Faver, Jasper, for appellant.

Barber & Seale, Jasper, for appellee.

STEPHENSON, Justice.

This is a suit to have a deed declared a mortgage, and to have a cloud removed from the title to plaintiff's land. Trial was before the court and judgment was rendered for plaintiff. The parties will be referred to here as in the trial court.

Defendant's only point of error is that the trial court erred by abusing its discretion in failing to grant defendant's motion for new trial. The record shows plaintiff filed this suit June 12, 1963 and defendant filed an answer June 26, 1963. Plaintiff secured a temporary restraining order and an application for a temporary injunction was denied July 10, 1963. Plaintiff filed an amended petition July 8, 1963 and defendant filed an amended answer February 11, 1964, together with a motion to dismiss.

January 6, 1965 judgment was rendered and entered for plaintiff reading as follows:

"On the 6th day of January, 1965, in the above entitled and numbered cause, wherein Cecil Carrell is plaintiff and Marshall Ivy is defendant, the Judge in open court regularly called said cause in its order on the docket, and came the plaintiff by his attorney and announced ready for trial, and, though duly served with process and having answered herein, the said defendant, Marshall Ivy, failed to appear in this behalf, but made default; wherefore, the citation with the officers return thereon, having been on file with the Clerk of this Court ten (10) days exclusive of the day of filing and of this day, a jury being waived, the matters in controversy, as well of fact as of law, were submitted to the Court, and the Court having heard the pleadings, the evidence and the argument of counsel, all being fully understood, is of the opinion that the material allegations in plaintiff's petition are true and have been proven by a full and satisfactory evidence, and that the deed given by plaintiff to defendant, dated April 9, 1959, and recorded in Vol. 147, at page 494 of the Deed Records of Jasper County, Texas, is in fact a mortgage on the following described property, which is the homestead of plaintiff, and is therefore void; and that such deed creates a cloud on plaintiff's title which should be removed. The property covered by the aforementioned deed is more particularly described as follows:

[Description of property not copied into this opinion.]

"It is therefore ORDERED, ADJUDGED and DECREED by the Court that the plaintiff, Cecil Carrell, recover of and from the defendant Marshall Ivy the title and possession of the premises described above, it is therefore ORDERED, ADJUDGED and DECREED that the aforementioned instrument is of no force and effect and the same is hereby cancelled, removing the cloud on plaintiff's title cast thereby, and that the plaintiff recover his costs of court in this behalf expended.

"Rendered and signed this 6th day of January, 1965.

/s/ O'Neal Bacon
Judge Presiding"

January 14, 1965 defendant filed a motion for new trial, and then January 25, 1965

filed an amended motion for new trial. The ground set out in such amended motion in substance was that neither the defendant nor his attorney had received notice of such setting and that this case was heard by the court in their absence. It was also set out in such amended motion for new trial that defendant had a valid and meritorious defense in that plaintiff had given defendant a deed to the land in controversy.

March 11, 1965 the trial court heard the motion for new trial which was denied the same day. The statements of fact, both as to the original trial January 6, 1965 and the motion for new trial, are before this court.

■ We believe the rule controlling the type of case pending before us to be that in order to secure a new trial the defendant was required to allege and prove upon a hearing that his failure to be present or represented upon the trial was not due to his fault or negligence, or that of his counsel and that he had a meritorious defense to the cause of action asserted against him.

The evidence on the motion for new trial shows: That the attorney representing defendant practiced law in Lufkin until September 1, 1964 when he moved to Beaumont to assume the duties of the office of Assistant U. S. District Attorney. That on December 1, 1964 the court reporter mailed such attorney a notice to his Lufkin address that this case would be called for setting January 4, 1965. That neither the defendant nor his attorney appeared in court January 4, 1965 and the case was set for January 6, 1965 at which time evidence was heard and judgment rendered. Such attorney testified on the motion for new trial that he did not receive notice of the setting, that he did not notify the clerk of the trial court of his change of address, and that he had turned the file on this case over to some other attorneys.

The only allegation in defendant's amended motion for new trial was that defendant had a valid and meritorious defense. The defendant testified on the hearing of his motion for new trial that he had paid out hard-earned money for the property.

The evidence given during the trial of this case on January 6, 1965 showed: That plaintiff bought the house and 15 acres of land involved in this suit in 1957, and that he and his wife and four children had lived on the property since that time. That they spent $2,000.00 or better on the house for repairs the first two years. That plaintiff borrowed $1,500.00 from defendant to buy a sawmill. That on the same date, plaintiff and his wife gave defendant a deed to the land in controversy and executed a lease from defendant as lessor on the same property. That the lease, which was introduced in evidence, showed the consideration for the lease was $1,687.50 payable $112.50 per month for 15 months, plus the payment of taxes. Such lease also provided that the plaintiffs had an option to purchase the premises at the expiration of the term of the lease and that all the rental payments would apply to the purchase price. Plaintiff's wife testified defendant told her she was not selling the place but just borrowing some money on it. This statement was confirmed by another witness.

■ The trial court by denying the motion for new trial found that the failure of defendant or his attorney to be present was due to fault or negligence, and, or that defendant did not allege and prove that he had a meritorious defense. We do not find that the trial court abused its discretion.

Affirmed.