Marshall IVY, Petitioner,

v.

Cecil CARRELL, Respondent.

No. A–11470.

Supreme Court of Texas.

Oct. 5, 1966.

Glenn Faver, Jasper, for petitioner.

Barber & Seale, Sid S. Stover, with above firm, Jasper, for respondent.

CALVERT, Chief Justice.

Cecil Carrell was plaintiff, and Marshall Ivy was defendant in the trial court, and they will be so referred to in this opinion. The purpose of Carrell's suit was to have a deed, executed and delivered by him to Ivy, declared to be a mortgage, and to remove cloud from title to the land therein described.

Carrell's suit was filed on June 12, 1963, and an answer was filed by Ivy on June 26, 1963. An amended petition was filed on July 8, 1963, and an amended answer and a motion to dismiss was filed on February 11, 1964. On January 4, 1965, the case was set for trial on January 6. On that date the trial court rendered a default judgment in favor of the plaintiff declaring the deed in question to be a mortgage on the plaintiff's homestead and therefore void, cancelling the deed and removing the cloud cast thereby on plaintiff's title, and awarding plaintiff title to and possession of the premises.

Defendant filed a motion for new trial on January 14, 1965, and an amended motion on January 21, 1965. The motion for new trial was heard and overruled, and an appeal was taken to the court of civil appeals. The court of civil appeals affirmed the trial court's judgment. 401 S.W.2d 336. We affirm. The only question presented by the appeal is whether the trial court erred in overruling the defendant's motion for new trial.

In affirming the judgment of the trial court, the court of civil appeals appears to have used an erroneous test for measuring the correctness of the trial court's action. The court of civil appeals said (401 S.W.2d 338):

> We believe the rule controlling the type of case pending before us to be that in order to secure a new trial the defendant was required *to allege and prove upon a hearing that his failure to be present or represented upon the trial was not due to his fault or negligence, or that of his counsel and that he had a meritorious defense* to the cause of action asserted against him.[1]

The correct rule, applicable alike to motions for new trial which seek to set aside default judgments entered on failure of a defendant to file an answer and those entered on failure to appear for trial, is stated in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939), as follows:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

1. Emphasis ours throughout unless otherwise indicated.

See also City of San Antonio v. Garcia, 243 S.W.2d 252 (Tex.Civ.App.—San Antonio 1951, writ ref'd). That the rule is applicable to default judgments entered on failure of the defendant or his counsel to appear for trial, see City of Fort Worth v. Gause, 129 Tex. 25, 28, 101 S.W.2d 221, 222 (1937); Box v. Associates Investment Co., 352 S.W.2d 315, 317 (Tex.Civ.App. —Dallas 1961, no writ).

Tested by the rule of *Craddock*, the record shows quite clearly that the failure of the defendant and his counsel to appear for trial was not intentional or the result of conscious indifference, but was due to accident or mistake. The evidence on the issue adduced at the hearing on the motion for new trial, some of which is shown in the opinion of the court of civil appeals, need not be reviewed inasmuch as the judgments of the courts below must be affirmed on another ground.

■ The rule of *Craddock* does not require *proof* of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it *"sets up* a meritorious defense." In this respect the burden a defaulting defendant must assume on motion for new trial is much less onerous than the burden he must assume in a bill of review proceeding filed after expiration of the time for filing a motion for new trial. In the latter situation, except in unusual circumstances as reflected in Hanks v. Rosser, 378 S.W.2d 31 (Tex.Sup.1964), the issues of negligence or fault on the part of the defendant, fraud, accident or wrongful act on the part of the plaintiff, and meritorious defense are tried together in a single full-blown trial in which "every issue must be disposed of, and relief denied or granted." Texas Employer's Ins. Ass'n v. Arnold, 126 Tex. 466, 469, 88 S.W.2d 473, 474 (1935). See also Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428 (1959); Humphrey v. Harrell, 29 S.W.2d 963 (Tex.Com.App.1930, jdgmt adopted). The only relief which a defaulting defendant may secure by filing a motion for new trial is a setting aside of the default judgment. The case then pends on the trial court's docket for trial on its merits.

■ We note again the specific language of *Craddock* that a new trial should be granted to a defaulting defendant if his motion *"sets up* a meritorious defense." This does not mean that the motion should be granted if it merely *alleges* that the defendant "has a meritorious defense." The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. City of Fort Worth v. Gause, 129 Tex. 25, 28, 101 S.W.2d 221, 222 (1937); Holliday v. Holliday, 72 Tex. 581, 10 S.W. 690 (1889); Dowell v. Winters, 20 Tex. 793, 794 (1858); Foster v. Martin, 20 Tex. 118, 119 (1857). This much is necessary to prevent the reopening of cases to try out fictitious or unmeritorious defenses. But once these requirements are met, it is improper to try the defensive issues made by the motion or the pleadings. In Cragin v. Henderson County Oil Dev. Co., 280 S.W. 554, 555 (Tex.Com.App.1926, holding approved), the court, after stating the requirements of a motion for new trial in default judgment cases, said:

But when he [the applicant] has thus set forth such meritorious defense, supported by such affidavits or other evidence as prima facie to entitle him to a new trial, such new trial should not be denied upon any consideration of counter affidavits or contradictory testimony offered in resistance to such motion.

See also Maeding v. Maeding, 155 S.W.2d 991, 993 (Tex.Civ.App.—Galveston 1941, no writ).

Tested by the foregoing rules, the defendant failed to discharge his burden of showing a meritorious defense, and the trial judge did not, therefore, abuse his discretion in overruling the motion for new trial.

■ The only allegations contained in the motion for new trial relating to a defense to the cause of action asserted by the plaintiff are that (1) "he [defendant] has a good and valid deed to said land;" (2) "he has a valid and meritorious defense to said case;" and (3) "he is a fee simple owner having acquired the land by deed." These are but allegations of conclusions. The defendant testified in support of his motion at a hearing held on March 11, 1965, two months after the default judgment was entered. The default judgment was entered only after the trial court had heard the testimony of the plaintiff, his wife and a third person. Their testimony related to the details of the transaction in which the deed was executed and clearly compelled the conclusion that the deed was intended as a mortgage; and yet, the defendant did not controvert the facts to which they testified by either allegations in his motion or his testimony in support of the motion. He was asked only two questions at the hearing which can be related in any way to a defense to the plaintiff's cause of action. Asked if he "paid out [his] hard-earned money for this property," he answered, "Yes, sir, sure did." Asked, "You know you can't lend money on a homestead, don't you?" he replied: "I sure do, and I didn't."

Since the motion for new trial does not contain allegations of facts which in law constitute a meritorious defense to the plaintiff's cause of action and the testimony given on the hearing does not prove such a defense prima facie, the trial court did not err in overruling the motion.

The judgment of the court of civil appeals is affirmed.