Dewayne GRAHAM, Appellant,

v.

**TRUCK EQUIPMENT COMPANY OF
AMARILLO, INC., Appellee.**

No. 7697.

Court of Civil Appeals of Texas.

Amarillo.

April 3, 1967.

Merchant & Barfield, Amarillo, J. Jerry Merchant, Amarillo, of counsel, for appellant.

Lumpkin, Watson & Smith, Amarillo, Stephen P. Killough, Amarillo, of counsel, for appellee.

DENTON, Chief Justice.

A default judgment was rendered in favor of Truck Equipment Company of Amarillo, Inc., against Dewayne Graham on a sworn account. Three days after the rendition of the default judgment, the defendant filed an unsworn answer. Ten days after the rendition of the judgment the defendant filed a motion to set aside the default judgment and to grant a new trial which was timely overruled.

The plaintiff filed its petition on a sworn account for services rendered on March 17, 1966. Valid service was had on the defendant on April 1, 1966. The defendant employed the attorney of record on April 10, at which time he delivered to him the citation and petition which had been served upon him. The default judgment was rendered on April 25, 1966. Defendant's answer was filed April 28, 1966.

In the defendant's motion for new trial, it alleges there was no lack of diligence on the part of the defendant and the failure to timely file an answer was not the result of negligence on his part; that the defendant's attorney dictated an answer consisting of a general denial to his secretary on or about April 10 and instructed her it was to be filed in the County Clerk's office on or before the Monday next after the expiration of twenty days from the date of service. The motion further alleged: " * * * however, it was the understanding of said attorney's secretary, Mrs. L. K. Cheatheam, that said answer was not to be prepared or filed until after said defendant had paid said attorney a portion of the fee that was agreed upon between defendant and defendant's attorney." It is further alleged a portion of the attorney's fee was received in the mail on April 26, 1966, a day after the default judgment was entered. The defendant's allegations of a meritorious defense were: "That he has a good and meritorious defense the the cause of action alleged in the Plaintiff's Original Petition in that there was a failure of consideration on the part of the plaintiff in that he did not correctly repair the defendant's truck according to plaintiff's agreement and further that defendant was required to go elsewhere and have his truck repaired after plaintiff had finished with his so-called repairs on defendant's truck."

■ The correct rule applicable to motions to set aside default judgments entered on failure of a defendant to file an answer is stated in the landmark case of Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124 as follows: "A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

Upon defendant's request a hearing was set on the motion for new trial for June 10, 1966. Although the record does not disclose whether the defendant and his attorney appeared for the hearing, no evidence has been brought forward in a statement of facts. The order overruling the motion for new trial does not recite that evidence was heard nor that the defendant and his attorney were present.

■ Tested by the rule laid down in *Craddock,* it is clear that although the failure of the defendant to file an answer was not intentional or the result of conscious indifference, it was not due to an accident or mistake. By defendant's attorney's own allegations, his secretary understood the answer was not to be prepared or filed until the defendant paid the attorney a portion of his fee. There is no showing whether this was or was not the agreement between the defendant and attorney. He received a portion of such fee one day after the default judgment was entered. These allegations do not satisfy the requirements of the *Craddock* rule.

**780**

The rule in *Craddock* also provides a new trial should be granted if the defaulting defendant "sets up a meritorious defense". This quoted language was recently interpreted by the Supreme Court in Ivy v. Carrell, Tex., 407 S.W.2d 212. There the court said: "This does not mean that the motion should be granted if it merely *alleges* that the defendant 'has a meritorious defense.' The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense." (Emphasis added). Even if it could be said *the motion for a new trial contains allegations of facts which would constitute a meritorious defense to the plaintiff's cause of action, the defendant wholly failed to prove such defense prima facie. The trial court therefore did not err in overruling the motion for a new trial.

The judgment of the trial court is affirmed.