Betty (Minyard) STEIN et al.,
Appellants,

v.

William ANDRESS, Jr., et al., Appellees.

No. 19539.

Court of Civil Appeals of Texas,
Dallas.

May 25, 1978.

Rehearing Denied Aug. 18, 1978.

**10**

Betty Minyard Stein, pro se.

Gordon H. Rowe, Jr., Gardere, Porter & DeHay, Robert E. Burns, Burford, Ryburn & Ford, Dallas, for appellees.

GUITTARD, Chief Justice.

Betty Minyard Stein has represented herself in this suit against her former attorney, William Andress, Jr., and also against Texas Power & Light Company and its attorney, Robert E. Burns. She asserts that her suit is "a breach of contract case and tort case for fraud," and also an "attempted theft" and "conspiracy" case. In a trial before a jury the court sustained objections to most of the testimony offered, and when plaintiff did not appear on the second morning of the trial, the court, on motion of defendants, withdrew the case from the jury and rendered judgment for the defendants. We hold that no reversible error is shown.

Plaintiff's first point complains of the court's refusal to permit her to develop her testimony. Her pleadings, which were amended and supplemented several times,

leave the exact nature of her claim uncertain. She alleges that she had employed defendant Andress to prosecute on her behalf and on behalf of her two children a suit against Texas Power & Light Company arising from an earlier eminent domain proceeding in Denton County instituted by that company without properly making her children parties, they being minors at that time. Andress brought a suit on behalf of the children in the district court of Denton County and recovered a judgment against Texas Power & Light Company dated April 3, 1972, which plaintiff characterizes as a "sell-out." She accuses Andress and the company of conspiring to deprive her and her children of their property, alleging that without her authority he waived a jury and entered into an agreement with the company concerning the value of the property. She alleges that under this judgment a writ of possession was issued, which improperly described the children's interest as an undivided one-fourth, rather than an undivided one-fourth for each, and that defendant Andress concealed the writ from her and "attempted to steal" an undivided one-fourth interest. Her pleadings contain allegations concerning unsuccessful attempts to have the 1972 judgment set aside and various other matters concerning her litigation with the company. Her original petition in this case was filed April 5, 1976, more than two years after the date of the judgment which she alleges to have been entered without her authority. In her subsequent pleadings she alleges that all interests of her children, who are now adults, have been assigned to her and that she is prosecuting this suit on her own behalf.

Defendant Andress answered by general denial and a plea of limitation. In an attempt to require plaintiff to make a more definite statement of her claims, he served on her a request for admissions. Answering this request, plaintiff denied under oath that her cause of action was based on a breach of contract of employment, either oral or written, denied that a breach of contract occurred on April 3, 1972, and denied that her cause of action was based on the negligence of defendant Andress.

At the trial plaintiff made repeated attempts to present evidence of an oral contract of employment with Andress and various acts which she alleged to have been a breach of such a contract. Defendants objected to all of this testimony on the ground that it would have been contrary to her sworn answers to defendant's request for admissions. These objections were sustained. Plaintiff made no application for leave to amend or withdraw her sworn answers to the request and, apparently, does not recognize that without such amendment or withdrawal the answers are binding on her and bar her from introducing contrary proof. Neither does plaintiff recognize that if her pleadings were ever sufficient to state a cause of action, her sworn answers to the request for admissions in effect left her with no basis for her claim for damages for breach of contract. Her further allegations of fraud, conspiracy, and "attempting to steal" an undivided one-fourth interest in the property are insufficient in themselves to provide a basis on which to submit issues to the jury because she wholly failed to allege that any of these matters actually resulted in legal damage. Consequently, the court property excluded the evidence that plaintiff sought to elicit.

The point that has given us the most concern is plaintiff's complaint of the action of the judge on September 7, 1977, the second day of the trial, in proceeding in plaintiff's absence to withdraw the case from the jury and render judgment for defendants. The circumstances shown by the record are unusual. Toward the end of the first day of the trial, plaintiff protested that she was unable to prove her case under the judge's rulings, which prevented her from offering evidence of the alleged oral contract and its breach. She was directed to proceed to other lines of interrogation. The court recessed until nine o'clock the following morning. At that hour the court convened, but plaintiff was not present. The court recessed and convened again at half past nine. The plaintiff still did not appear. Counsel for defendants announced that they desired to present a motion in the absence of the jury. The court heard the motion, dismissed the jury, and rendered judgment for defendants. The motion does not appear in the record and the judgment does not recite its grounds. The judgment was reduced to writing and signed on September 13, 1977.

On September 19, plaintiff filed a sworn "motion to set aside order of dismissal and to reinstate case," in which she alleges that she was ill on the morning of September 7 in that both legs were paralyzed and her toes were crossed, that she had gone to a hospital to obtain medical treatment; that the doctor diagnosed her condition as tension and anxiety and gave her a prescription for relief; that while at the hospital she telephoned the court asking that the trial be delayed until she could see the doctor and get to the court; that she talked to the bailiff and the deputy clerk, but was not allowed to talk to the judge in the absence of opposing counsel; and that she arrived in court forty-five minutes late, when she was advised that the jury had been dismissed ten minutes earlier. In her brief, plaintiff asserts that she attempted to obtain affidavits from the bailiff and deputy clerk concerning her request by telephone that the trial be delayed until she could obtain medical treatment and could get to court, but that they refused to sign such affidavits.

After careful consideration of the record, we conclude that no abuse of the trial court's discretion is shown. In order to complain of the court's proceeding with the trial in her absence, plaintiff has the burden of showing by her sworn motion for new trial not only an excuse for her absence but also a meritorious claim. *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966). If it be conceded that her motion is sufficient to show an excuse for her absence, it nevertheless wholly fails to show that if the court had waited for her return, she would have been able to present evidence that would have supported the submission of fact issues to the jury. Consequently, we hold that the court did not err in overruling her motion.

**12**

We have examined the other points in appellant's brief and have determined that none present reversible error.

Affirmed.