TOM BENSON COMPANY,
INC., Appellant,

v.

Sharon L. ERVINE, Appellee.

No. 16062.

Court of Civil Appeals of Texas,
San Antonio.

Nov. 8, 1978.

Rehearing Denied Dec. 6, 1978.

Larry J. Benson, Martin A. Gewertz, San Antonio, for appellant.

William H. Ervine, Sonora, for appellee.

MURRAY, Justice.

Sharon L. Ervine, appellee, sued Tom Benson Company, Inc., appellant, and co-defendant, General Motors Corporation, for an alleged violation of the Texas Deceptive Trade Practices Act. In October of 1976, appellee purchased a new 1977 Delta 88 Oldsmobile automobile from Tom Benson for the agreed price of $8,606. During the purchase, appellee says it was represented to her that the car contained a 350 rocket Olds engine. It is undisputed that this car contained a new 350 Chevrolet engine and appellee alleges that this was a violation of Tex.Bus. & Com.Code Ann. § 17.46(b)(1) & (7) (Vernon Supp.1978). Appellee alleges that this Oldsmobile with a Chevrolet engine is worthless; therefore, her damages are $8,606, plus treble damages and reasonable attorney's fees.

General Motors Corporation timely filed an answer. An interlocutory default judgment was entered against appellant on November 3, 1977. This interlocutory default judgment became final on December 9, 1977, when the trial court granted appellee's motion for nonsuit of co-defendant, General Motors Corporation. Appellant thereafter timely filed a motion for new trial and an amended motion for new trial which was overruled by operation of law. Appellant has timely perfected his appeal to this court.

The appellee contends that this court does not have jurisdiction of this appeal because the amended motion for new trial filed by appellant on January 9, 1978, was in fact a third motion for new trial; therefore, the appeal was not timely filed. This contention is based on the fact that on November 14, 1977, appellant filed a motion with the trial court requesting that the interlocutory default judgment be set aside which was heard by the trial court on December 8, 1977. It is clear from the record that after the trial court overruled this motion the appellee then took a nonsuit as to General Motors Corporation. When appellee took a nonsuit as to General Motors there was no motion for new trial pending; as a result, the motion for new trial filed by appellant on December 9, 1977, is clearly authorized by Rules 329b and 324 of the Texas Rules of Civil Procedure. A motion to set aside an interlocutory judgment is not necessarily inappropriate and does not deprive the appellant of filing a motion for new trial after the judgment becomes final. We hold that appellant has timely perfected its appeal because the time for perfecting began to run from the overruling of the amended motion for new trial on January 9, 1978.

Appellant contends that the trial court abused its discretion in failing to grant appellant's motion for new trial. We agree.

The rule applicable to motions for new trial which seek to set aside a default judgment entered on failure of a defendant to file an answer is stated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939) as follows:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

133 S.W.2d at 126. This rule was reaffirmed by the Supreme Court in *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966).

On December 8, 1977, evidence was heard by the trial court on defendant's motion to set aside the default judgment. At this hearing, it was stipulated by appellee that appellant's failure to file an answer was not intentional or the result of conscious indifference but was due to an accident or a mistake. Therefore, under *Craddock* and *Ivy*, appellant should have been granted a new trial if he set up a meritorious defense at the December 8 hearing. The court in *Ivy* stated,

> The rule of *Craddock* does not require *proof* of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it 'sets up a meritorious defense.' . . . The only relief which a defaulting defendant may secure by filing a motion for new trial is a setting aside of the default judgment. The case then pends on the trial court's docket for trial on its merits.

*Ivy v. Carrell*, 407 S.W.2d at 214.

Article 17.50(a) of the Deceptive Trade Practices Act requires that in order for appellee to maintain an action he must be "adversely affected" by "the use or employment . . . of an act or practice declared to be unlawful by Section 17.46." Tex.Bus. & Com.Code Ann. § 17.50(a) (Vernon Supp.1978). Appellant's motion states that the appellee has suffered no damages because this automobile with either a Chevrolet engine or an Oldsmobile engine has the same reasonable market value. This allegation is supported by the affidavit of Mr. Joseph Lee Martin, new and used car sales manager for appellant, and also by evidence received at the hearing on December 8.

Tested by the rules in *Ivy* and *Craddock*, we hold that the appellant discharged his burden of showing a meritorious defense and that the trial judge abused his discretion in overruling the motion for new trial.

The judgment of the trial court is reversed and remanded.