**William R. GIFFORD, Appellant,**

v.

**James A. SULLIVAN, Appellee.**

**No. 19905.**

Court of Civil Appeals of Texas, Dallas.

Aug. 8, 1979.

Royal H. Brin, Jr., Strasburger & Price, Dallas, for appellant.

Don W. Davis, Collie, McSpedden, Roberts & Davis, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

CARVER, Justice.

This is an appeal from the refusal of the trial court to set aside a judgment granted when appellant was "in default of appearance for trial." We hold the trial court erred in failing to set aside the judgment

when the record reflected the failure of appellant to appear for trial was not deliberate or the result of conscious indifference, and appellant had set upon in his pleadings a meritorious defense. Accordingly, we reverse and remand for trial.

█ Appellee filed his suit on the 26th day of June, 1978, and, after some delay, service was perfected, defendant answered and appellee's amended petition was filed October 28, 1978. The cause was set for trial on its merits for the 2nd day of November, 1978. The day before trial, the appellant, a licensed attorney representing himself, called the attorney for appellee and discussed the shortness of time between the commencement of the suit and the trial setting together with the absence of an opportunity for discovery. The conversation concluded with agreement that the first setting of the cause would be postponed by consent of the parties and that the attorney for appellee would not demand or require a motion for continuance to be filed. The following morning, the day of trial, appellant nevertheless prepared and filed a motion for continuance, and appeared personally at the courtroom. The appellant tendered his motion to the clerk and advised her that his opposing counsel offered no contest to the motion whereupon appellant left the courthouse for other business. Late on the afternoon on the day of trial, the court reached the case, called it, and appellee answered with a report to the court of appellant's filing of his motion for continuance with the clerk, appellant's verbal recitation of the agreement, and appellant's departure from the courthouse. The trial court overruled the motion for continuance and, without any effort to advise appellant of the court's ruling on the motion, proceeded to the trial as if appellant were "in default of appearance for trial." Upon learning of the entry of judgment, appellant filed his motion for new trial and an amended motion for new trial, supported by affidavit, showing substantially the above facts and urging that his absence from the trial was not deliberate or the result of conscious indifference, but was solely in reliance upon his agreement with appellee's

counsel that the cause be continued. The trial court refused to set aside the judgment and this appeal follows.

In *Ivy v. Carrell*, 407 S.W.2d 212 (Tex. 1966), our Supreme Court held that the same rule applied to "default in appearance for trial" cases as was applied to "default in answer" cases as reflected in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). As the Court said:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

The facts as to appellant's failure to appear for trial are undisputed. Although the judge may not have been bound by the agreement of counsel, appellant might reasonably have expected it to be honored in the absence of notice to the contrary. We conclude that appellant's failure to appear in reliance on the agreement was not "intentional, or the result of conscious indifference."

█ We turn now to the question of whether the appellant also "set up a meritorious defense". The cause of action asserted by appellee against appellant was founded upon the appellant's alleged membership in a joint venture. In his answer, appellant set up both a general denial to appellee's allegations as well as a specific denial that the appellant was a member of the joint venture. In *Ivy*, our Supreme Court held that "set up a meritorious defense" meant "facts" in the pleadings, the truth of which will constitute a defense. Since appellant pled non-membership in the alleged joint venture, this was "a fact the truth of which would constitute a defense" to appellee's whole case. Thus, appellant had set up a meritorious defense as required by *Ivy*.

Reversed and remanded.