**616**

Pete O. ZAMORA, Indiv. and DBA
Centry 21 Poz, Appellant,

v.

Helen JONES et vir, Appellee.

No. 17706.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 9, 1980.

Barlow & Lacy, Bill A. Todd, Jr., Houston, for appellant.

Baskin, Fakes & Stanton, R. B. Stanton, Pasadena, for appellee.

Before WARREN, PEDEN and EVANS, JJ.

WARREN, Justice.

This is an appeal from an order overruling a motion for new trial which was filed to set aside a "post–answer" default judgment.

Appellees sued appellant for breach of an oral contract and a general denial was timely filed. Approximately one year later, on September 17, 1979, counsel for appellant was permitted to withdraw from the case. In October, counsel for appellee filed a request for trial setting with the District Clerk requesting that the case be set for the week of December 19. The case was called for trial on December 19, but appellant did not appear. After hearing testimony, including that pertaining to notice of the trial, the court granted appellees judgment.

On December 29, appellant filed a motion for new trial alleging that he did not receive notice from the appellees of the trial setting and that he had valid defenses to the suit which were: (1) that no contract was ever entered into between the parties; (2) that the contract asserted by appellees was illegal since neither of them had a real estate sales license, and (3) that there was an accord and satisfaction. Additionally, appellant alleged that the granting of a new trial would not prejudice the appellees or delay the proceedings. The last allegation is not contested by appellees. Appellees' counsel filed a sworn motion opposing the motion for new trial, asserting that the appellant was sent notice as required by the local district court rules. It further alleged that appellant's attorney of record on the motion for new trial knew of the setting because he contacted appellees' counsel several hours before the trial.

In one point of error, appellant claims that the trial court erred in refusing to grant his motion for new trial wherein he demonstrated a lack of notice of the setting, a meritorious defense and that the granting of a new trial would not change or damage appellees' position.

 A movant is entitled to a trial after default on equitable grounds when: (1) he establishes that the failure to attend trial was not the result of conscious indifference on his part, but was due to a mistake or accident; (2) he sets up, by factual allegations, that the movant has a meritorious defense; and (3) he shows that the granting of a new trial will not delay the proceedings or otherwise prejudice the plaintiff. See *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966); *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939).

In our case, it is undisputed that appellant knew of the trial date three days before it took place. He made little effort to excuse his absence, but instead relied on his claim of lack of timely notice as required by the local and state rules to justify his non-appearance.

The only testimony presented by appellant to the court at the hearing on the motion for new trial, pertaining to the lack of notice, is a follows:

"That Defendants were not notified that said case was set on any trial docket. That the Defendants had no notice until after Defendant had gone to Las Vegas on business–pleasure trip and was contacted only then by his office that the Court Clerk had called Friday and said the case was assigned for trial the following Monday, December 19, 1979. That the Plaintiff did not notify the Defendants of the trial setting as required by the legal rules and by the Rules of Civil Procedure.

That Defendants would have been ready for trial, would have amended their petition and proceeded to trial."

The motion intimated that appellant was in Las Vegas by saying that "Defendant had gone to Las Vegas." However, in his brief appellant alleges that he was on his way to Las Vegas by automobile when he learned of the trial setting. He presented no evidence to the trial court showing that he could not have returned or that to return would have created an undue hardship on him. No testimony was presented showing an inability to file a motion to strike the trial setting or a motion for continuance because of the lack of notice.

Under these circumstances, the trial court could have and apparently did find that appellant's failure to appear was the result of conscious indifference.

We hold that the trial court was justified in refusing to grant a new trial, regardless of the defenses to the suit raised by appellant.

The judgment is affirmed.