**RICHMOND MANUFACTURING COMPANY, INC., Appellant,**

v.

**Luther Dale FLUITT and Donna Fluitt, Appellees.**

No. 04–87–00604–CV.

Court of Appeals of Texas, San Antonio.

June 22, 1988.

Rehearing Denied Aug. 12, 1988.

John Milano, Jr., Thornton, Summers, Biechlin & Dunham, San Antonio, for appellant.

David McQuade Leibowitz, Law Office of David McQuade Leibowitz, San Antonio, for appellees.

Before CADENA, C.J., and REEVES and DIAL, JJ.

OPINION

DIAL, Justice.

This is an appeal of the trial court's failure to set aside a default judgment.

Plaintiffs, Luther Dale Fluitt and Donna Fluitt sued defendant, Richmond Manufacturing Company, Inc., for personal injuries sustained from the use of a horizontal boring device manufactured by the defendant.

On July 7, 1987, the Fluitts took an interlocutory default judgment as to liability against defendant. On July 30, 1987, the Fluitts presented testimony on damages and took a final default judgment.

On August 31, 1987, Richmond filed its motion to set aside default judgment and for new trial, and set it for hearing on September 14, 1987. The motion stated, "this defendant further says it has meritorious defenses", but did not allege any facts supporting this conclusion.

On Friday, September 11, 1987, Richmond delivered copies of affidavits to the Fluitts which for the first time advanced its purported meritorious defenses. At the hearing on Monday, September 14, 1987, the trial court struck the affidavits produced by Richmond, denied Richmond's oral motion for continuance, and denied Richmond's motion to set aside the default judgment. Other subsequent motions filed by Richmond were also denied. This appeal resulted.

■ Initially, we note that the motion for new trial is fatally defective under *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966), because the motion does not allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff. Had the affidavits, which apparently alleged facts constituting a meritorious defense, been filed before the expiration of the thirty day period following the entry of the default judgment, this would have apparently been sufficient to allow the trial court to grant defendant's motion for new trial. *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex.1984). However, at the end of the thirty day period, all that existed was the motion itself, with its bare assertion that defendant had meritorious defenses. This under *Ivy v. Carrell, supra,* is insufficient. The trial court, therefore, did not abuse its discretion in overruling the motion for new trial. In this regard, the trial court's actions must be affirmed.

After the parties to this appeal filed their briefs, this court requested that the parties file supplemental briefs discussing the applicability of *Peralta v. Heights Medical Center, Inc.*, —— U.S. ——, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). In *Peralta*, the United States Supreme Court held that requiring a defendant to show a meritorious defense in his bill of review, following a default judgment obtained on defective service, was a violation of the due process clause of the fourteenth amendment.

■ We have considered *Peralta's* possible application to the instant case and conclude that requiring a defendant to "allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff" does not violate the due process clause of the fourteenth amendment, where service has been properly effected as it was here. Due process of law is afforded the defendant by his receiving fair notice of the claims asserted against him, and requiring him to "allege facts" constituting a meritorious defense asks little more of the defendant than that which was required of him initially. *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). This is required to prevent reopening of cases to try out fictitious or unmeritorious claims. *Ivy v. Carrell, supra* at 214.

The judgment of the trial court is therefore affirmed.