In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-01-00889-CV
____________

CHARLES WIGGINS, Appellant

v.

RONALD MORRIS, Appellee




On Appeal from the County Civil Court At Law No. 2
Harris County, Texas
Trial Court Cause No. 749141




MEMORANDUM OPINION ON REHEARING
          The Court considered appellant’s motion for rehearing. We deny appellant’s motion
for rehearing, but we withdraw our opinion dated November 27, 2002 and issue this opinion
in its place.
          Appellant, Charles Wiggins, challenges a default judgment entered against him and
in favor of appellee, Ronald Morris. Appellant presents two issues for our review,
contending (1) the trial court abused its discretion in denying his motion for new trial and (2)
the evidence was not legally sufficient to support the default judgment. We affirm.
Background
           The record revealed that Morris was driving a car southbound on Kuykendahl street
when the car stalled. Morris’s car came to a stop on Kuykendahl, and Morris turned the car’s
hazard lights on. Wiggins, who was also driving a car southbound on Kuykendahl, rear-ended Morris’s car. Morris claims he sustained upper neck, cervical, and lower-back
injuries. Morris also claims his vehicle was “totaled.”
           On March 7, 2001, Morris filed suit against Wiggins for negligence, claiming physical
injuries and total loss of his car. On April 25, 2001, Morris filed a motion for substituted
service after several failed attempts to serve Wiggins. Wiggins was served with substituted
service on May 7, 2001. The trial court held a default judgment hearing on June 22, 2001
and entered a default judgment against Wiggins in the sum of $36,000—$18,000 for bodily
injury and $18,000 for property damage. On July 12, 2001, Wiggins filed an original answer. 
On July 19, 2001, Wiggins filed a motion for new trial. On July 24, 2001, Wiggins filed a
supplemental motion for new trial as to damages. On August 14, 2001, the trial court denied
Wiggins’s motion for new trial and supplemental motion for new trial as to damages.
Discussion
Motion for New Trial
           In his first point of error, appellant argues that the trial court abused its discretion in
denying his motion for new trial. A default judgment should be set aside if an appellant
establishes all of the conditions required by Craddock. See Craddock v. Sunshine Bus Lines,
Inc., 133 S.W.2d 124, 126 (1939). The trial court’s decision to overrule a motion for new
trial is subject to review for abuse of discretion. Old Republic Ins. Co. v. Scott, 873 S.W.2d
381, 382 (Tex. 1994). A trial court’s discretion in denying an appellant’s motion for new
trial after a default judgment is not unbridled; it must be guided by a three part test: (1)
whether the defendant’s failure to answer before judgment was intentional, the result of
conscious indifference, or due to a mistake or accident; (2) whether the motion for new trial
set up a meritorious defense; and (3) whether the motion was filed at a time when its granting
would not result in delay or otherwise injure the plaintiff. Craddock, 133 S.W.2d at 126.
           Meritorious Defense
           We begin with the second prong of Craddock, requiring Wiggins to present a
meritorious defense in his motion for new trial because this issue is dispositive of the appeal. 
“Meritorious Defense” does not mean that the motion should be granted if it merely alleges
that the appellant has a meritorious defense. Estate of Pollack v. McMurrey, 858 S.W.2d
388, 392 (Tex. 1993) (citing Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex. 1966)). The motion
must allege facts that in law would constitute a defense to the cause of action asserted by the
plaintiff, and it must be supported by affidavits or other evidence proving prima facie that
the defendant has a meritorious defense. Id.
           In his motion for new trial, Wiggins states, “The Court should grant a new trial
because Defendant has a meritorious defense. Defendant did impact the vehicle in which the
Plaintiff was traveling. Upon further discovery, Defendant believes that he will be able to
show that much, if not all, of the treatment received was not reasonable and necessary.” 
(Emphasis added.) Here, appellant does not challenge liability, but contests only a portion
of the damages. He does not make a prima facie showing of a meritorious defense. 
Therefore, the trial court did not abuse its discretion in denying appellant’s motion for new
trial. We overrule appellant’s first point of error.
Legal Sufficiency
           In his second point of error, appellant argues that the evidence was not legally
sufficient to support the damages awarded in the default judgment.
           Pursuant to Tex. R. Civ. P. 329b(b), amended motions for new trial may be filed
without leave of court within 30 days after the judgment is signed. Defendant’s supplemental
motion for new trial as to damages was filed more than 30 days after the default judgment
was signed. This issue was not properly preserved for our review. We overrule appellant’s
second point.
Conclusion
           We affirm the trial court’s judgment. 
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.