Court of Appeals
Fourth Court of Appeals District of Texas



★ ★ ★  ★ ★ ★

## MEMORANDUM OPINION

No. 04-09-00416-CV

**BUBBA'S OF SAN ANTONIO**, James M. Deitch, L.L.C.
d/b/a Bubba's of San Antonio, and James Deitch, Individually,
Appellants

v.

**LEYENDECKER CONSTRUCTION, INC.**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2007-CVF-000287-D2
Honorable Raul Vasquez, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:      Catherine Stone, Chief Justice
              Karen Angelini, Justice
              Rebecca Simmons, Justice

Delivered and Filed:  June 16, 2010

AFFIRMED

Bubba's of San Antonio, James M. Deitch, L.L.C. d/b/a Bubba's of San Antonio, and James Deitch, Individually (collectively "Bubba's), appeal a post-answer default judgment on the basis that the trial court erred in denying their motion for new trial.  Bubba's contends that the trial court abused its discretion because Bubba's established it was entitled to a new trial pursuant to the factors set out in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (Tex. 1939).  We affirm the trial court's judgment.

## PROCEDURAL HISTORY

The trial court signed a post-answer default judgment against Bubba's on March 24, 2009. On April 20, 2009, Bubba's filed a motion for new trial, asserting its failure to appear at trial was based on a mistaken belief that the case had been abated. Bubba's attached the affidavit of James Deitch, the owner of Bubba's, who explained the reason he mistakenly thought the case was abated. Although the motion for new trial states that Bubba's has a meritorious defense to the claims asserted in the lawsuit, the motion does not allege facts setting up the meritorious defense, and no affidavit or other evidence is attached to the motion that provides prima facie proof that Bubba's has a defense.

The hearing on Bubba's motion for new trial was held on May 20, 2009. On the day of the hearing, Leyendecker Construction, Inc., in whose favor the post-answer default judgment was rendered, filed a response to Bubba's motion for new trial. In its response, Leyendecker challenges Bubba's contention that it mistakenly believed the case had been abated. Leyendecker also notes in its response that Bubba's motion fails to set up a meritorious defense. The response states, "In fact, Defendants['] motion does not include any facts *at all* related to any defense of any kind." Leyendecker also filed a motion to strike Deitch's affidavit, asserting thirteen separate objections to the affidavit.

At the beginning of the hearing on the motion for new trial, Bubba's attorney stated that he was served with Leyendecker's response and motion to strike at the hearing and requested an opportunity to respond to those filings. Leyendecker's attorney responded that it also had been served with a supplemental motion for new trial and additional affidavits that day.[1] Leyendecker's attorney noted that the supplemental motion and additional evidence was

---

[1] Although the clerk's record does not contain any affidavits filed on May 20, 2009, Leyendecker appears to admit in subsequent filings that additional affidavits were filed that day.

untimely and should not be considered by the trial court. The trial court stated that it would permit both parties to respond to the new filings, would hear the motion for new trial, and would review the motion to strike and additional responses after they were filed. After Bubba's attorney presented his argument, Leyendecker's attorney renewed his objections to the newly filed additional affidavits. The trial court stated that Leyendecker had preserved the objections, and the trial court would consider them after the additional responses were filed. Leyendecker's attorney subsequently argued Bubba's motion should be denied because it failed to set up a meritorious defense in its original motion and failed to support any defense with evidence.

On May 21, 2009, Leyendecker filed a motion to strike the affidavit of John R. Griffith, one of Bubba's attorneys, stating the affidavit was untimely filed. Leyendecker also filed an amended motion to strike an affidavit of Deitch that was filed on May 20, 2009, asserting numerous objections including that the affidavit was untimely filed.

On May 22, 2009, Bubba's filed a reply to Leyendecker's response. Bubba's also filed corrected affidavits. One of those corrected affidavits addresses the meritorious defenses that Bubba's sought to assert. On May 26, 2009, Leyendecker filed a motion to strike the corrected affidavits, asserting that the corrected affidavits were untimely filed.

The record does not contain a written order by the trial court on the motion for new trial; accordingly, it appears that the motion for new trial was overruled by operation of law.[2] Bubba's appeals the trial court's refusal to grant the motion for new trial.

---

[2] The docket sheet contains a "Coordinator's Notes" entry dated June 11, 2009, stating, "Ruling of the court in re: motion for new trial. Motion for new trial denied. Atty['\]s Donato Ramos and John Griffin advised of ruling." This court cannot, however, consider docket sheet entries. *Tex. Dept. of Pub. Safety v. Gonzales*, 276 S.W.3d 88, 92 (Tex. App.—San Antonio 2008, no pet.). Moreover, the motion for new trial was overruled by operation of law on June 8, 2009. *See* TEX. R. CIV. P. 329b(c).

**DISCUSSION**

"[A] default judgment should be set aside and a new trial granted when the defaulting party establishes that: (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will occasion no delay or otherwise injure the plaintiff." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (citing *Craddock*, 133 S.W.2d at 126). "We review a trial court's refusal to grant a motion for new trial for abuse of discretion." *Id.* "When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial." *Id.*

"The second prong of the *Craddock* test requires [Bubba's] to 'set up' a meritorious defense in its motion for new trial." *Id.* at 927. "This does not mean that the motion should be granted if it merely alleges that the defendant 'has a meritorious defense.'" *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966). "The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense." *Id.* "This much is necessary to prevent the reopening of cases to try out fictitious or unmeritorious defenses." *Id.*

In this case, the motion for new trial did nothing more than allege that Bubba's had a meritorious defense. The only evidence in support of Bubba's alleged meritorious defense was contained in the untimely filed affidavits. *See* TEX. R. CIV. P. 329b(b) (amended motion for new trial may be filed without leave of court only if filed within thirty days after judgment). Although the record does not contain an order granting Leyendecker's motion to strike the

- 4 -

untimely affidavits, "this is not tantamount to either leave of court to file additional evidence or an indication the court considered the additional evidence." *McMahan v. Greenwood*, 108 S.W.3d 467, 500 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Because the trial court could properly disregard Bubba's untimely filed affidavits, the trial court did not abuse its discretion in refusing to grant Bubba's motion for new trial. *See Equinox Enterprises, Inc. v. Associated Media, Inc.*, 730 S.W.2d 872, 875 (Tex. App.—Dallas 1987, no writ) (holding trial court could not consider untimely supplemental affidavits); *cf. Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003) (holding untimely amended motion for new trial is a nullity for purposes of preserving issues for appellate review).

## CONCLUSION

Because Bubba's failed to set up a meritorious defense in its motion for new trial, the trial court's judgment is affirmed.

Rebecca Simmons, Justice