**Affirmed and Memorandum Opinion filed August 15, 2013.**



**In The**

**Fourteenth Court of Appeals**

---

**NO. 14-12-00487-CV**

---

**MATTHEW R. PHILLIPS, Appellant**

**V.**

**DISCOVER BANK, Appellee**

**On Appeal from County Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1005673**

**M E M O R A N D U M   O P I N I O N**

Appellant Matthew R. Phillips appeals the denial of his motion for new trial following a default judgment entered against him. Phillips contends the trial court abused its discretion by denying his motion for new trial and not setting aside the default judgment because he met the requirements of *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939), for setting aside a default judgment. We affirm.

## Background

Appellee Discover Bank sued Phillips for breach of contract on December 8, 2011.  Discover Bank alleged that Phillips had failed to pay a current balance of $17,655.83 as required by his card member agreement.  Phillips does not dispute that he was properly served on December 23, 2011.  Discover Bank filed a motion for default judgment on February 17, 2012, and the trial court signed a default judgment on February 21, 2012.  Phillips filed his original answer on February 23, 2012.  Phillips filed a motion for new trial on March 2, 2012, asking the trial court to set aside the default judgment and grant him a new trial because he satisfied the requirements of *Craddock*.  Discover Bank filed a response to Phillips's motion for new trial on March 15, 2012.  The trial court signed an order denying Phillips's motion for new trial on March 15, 2012.[1]  Phillips filed a timely notice of appeal.

## Analysis

In his sole issue, Phillips argues that the trial court abused its discretion by denying his motion for new trial and not setting aside the default judgment because (1) his failure to answer was not intentional or the result of conscious indifference; (2) he "has a meritorious defense to the underlying lawsuit;" and (3) a new trial would not cause delay or cause undue prejudice to Discover Bank's case.  *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (per curiam) (citing *Craddock*, 133 S.W.2d at 126).  We review a trial court's refusal to grant a motion for new trial for abuse of discretion.  *Id*. at 926.  "When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial."  *Id*.

Because Phillips does not satisfy the second prong of the *Craddock* test, we

---

[1] Phillips states in his brief that the trial court denied his motion for new trial after an oral hearing. Our record does not contain a hearing record.

will address it first.  The second prong of the *Craddock* test requires Phillips to "set up" a meritorious defense.  *Id*. at 927.  "This does not mean that the motion should be granted if it merely [a]lleges that the defendant 'has a meritorious defense.'" *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966).  "Rather, the motion sets up a meritorious defense if it alleges facts which in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense."  *Dolgencorp*, 288 S.W.3d at 928 (citing *Ivy*, 407 S.W.2d at 214).

Phillips's motion for new trial asserts only that he believes a meritorious defense "can be established."  The motion does not allege any facts that would establish the existence of a meritorious defense, nor is the motion supported by affidavits or other evidence providing prima facie proof that Phillips has a defense.  The motion states: "The Court should grant a new trial because Defendant Phillips believes that a meritorious defense can be established.  If a new trial is granted, evidence will likely be produced in discovery which would relieve Defendant Phillips of liability."

Because Phillips failed to set up a meritorious defense in his motion for new trial, the trial court did not abuse its discretion by denying the motion.  Accordingly, we overrule Phillips's sole issue.

## Conclusion

We affirm the trial court's judgment.


/s/     William J. Boyce
Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

3