

# NUMBER 13-12-00540-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ARMANDO QUINTERO BRAVO,**                                    **Appellant,**

**v.**

**ELMA OLIVAREZ,**                                                       **Appellee.**

---

### On appeal from the County Court at Law No. 7
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Rodriguez

In this divorce case, appellant Armando Quintero Bravo challenges the trial court's post-answer default judgment in favor of appellee Elma Olivarez. By one issue, Bravo argues that the trial court abused its discretion in denying his motion for new trial. We affirm.

## I. Background

Olivarez and Bravo have been living together as husband and wife since January 1990. They have two children together. Citing insupportability as grounds, Olivarez filed for divorce from Bravo on January 27, 2010. In his answer to Olivarez's petition on February 5, 2010, Bravo alleged that "there is no existing marriage between the parties." Agreed temporary orders addressing custody, child support, visitation, and other standard matters were entered on February 10, 2010.

On July 20, 2011, the trial court held a docket control conference (DCC). Olivarez's counsel and Bravo's counsel's legal assistant attended the DCC. At the DCC, the trial court set the case for a bench trial on September 19, 2011. The case was then called for trial on that date; Olivarez appeared with her attorney, but neither Bravo nor his counsel appeared. The trial court granted Olivarez's divorce petition by default.

On October 11, 2011, Bravo filed a motion to set aside the default judgment and a motion for new trial, arguing that: (1) his failure to appear was the result of accident and mistake, as set out in the affidavits attached to the motion; (2) his petition states a meritorious defense by alleging that there was no existing marriage between the parties; and (3) a new trial would not cause delay or prejudice to Olivarez in light of the fact that "this matter had been filed by [Olivarez] since January 2010 and [the] matter had not [been] scheduled for any final hearing until July 2011." He attached affidavits from his counsel and his counsel's legal assistant to the motion. Counsel's legal assistant's affidavit follows in its entirety:

> My name is Maria Luisa Sanchez. I am above the age of eighteen years, and I am fully competent to make this affidavit. I am a part time legal

2

assistant to attorney San Juanita Sanchez. The facts stated in this affidavit are within my personal knowledge and are true and correct.

Attorney Sanchez was out on medical leave due to surgery from July 15, 2011 until August 3, 2011. A docket control conference was held on July 20, 2011 regarding this matter. I was present for that conference call. Upon the setting of the hearing, I called Ms. Del Bosque's [Olivarez's counsel's] office upon instruction by Ms. Sanchez to request an extension to discovery and requested the matter be set for a later date to allow time for responses. At which time, after several calls, I mistakenly believed that the matter had been set for October 4, 2011. Furthermore, I mistakenly placed another case on the calendar for the hearing date of [] September 19, 2011. As a result, neither Ms. Sanchez or Respondent [Bravo] were present at the hearing. Additionally, neither Attorney Sanchez nor I was in the office the morning of September 19, 2011 and did not hear message from court that matter was set for that morning. Failure to appear was a result of a mistake or accident, and not the result of conscious indifference.

Counsel's affidavit follows in its entirety:

My name is San Juanita Sanchez. I am above the age of eighteen years, and I am fully competent to make this affidavit. I am the attorney for Respondent, Armando Quintero Brave [sic]. I have read the Motion to Set Aside Default Judgment and Motion for New trial. The facts stated in this affidavit are within by personal knowledge and are true and correct.

I was informed by my assistant, Maria Luisa Sanchez[,] that this matter had been set for [a] October 4, 2011 final hearing. Additionally, my assistant placed another of my cases for September 19, 2011. I nor staff was present at the office when the court placed a call to my office phone informing me of the [September 19] hearing. I did not become aware of the hearing until after a default judgment was rendered on the afternoon of September 19, 2011. Failure to appear was a result of a mistake or accident, and not the result of conscious indifference.

Several hearings were held on Bravo's motion for new trial, but no evidence or argument in addition to those presented in the motion and affidavits were presented at these hearings. The trial court verbally denied Bravo's motion for new trial at two of the hearings. On June 4, 2012, the trial court entered its final decree of divorce. The trial court entered its written order denying Bravo's motion for new trial on August 21, 2012.

3

This appeal followed.

## II. Applicable Law and Standard of Review

> [A] default judgment should be set aside and a new trial granted when the defaulting party establishes that (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff.

*Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (per curiam) (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)). The supreme court has extended *Craddock* to post-answer default judgments. *Id.* at 925–26 (citing *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966)).

A trial court's refusal to grant a motion for new trial is reviewed for abuse of discretion. *Id.* at 926 (citing *Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987)). "When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial." *Id.* (citing *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994)).

## III. Discussion

By one issue, Bravo argues the trial court abused its discretion in denying his motion for new trial because he established the three required *Craddock* factors.

Even assuming without deciding that Bravo established the first and third *Craddock* factors—that his failure to appear at the September 19, 2011 bench trial was the result of accident or mistake and that the granting of a new trial would not cause delay or prejudice Olivarez—we cannot conclude that Bravo established the second *Craddock* factor, which is dispositive of the appeal. *See* TEX. R. APP. 47.1; *see also Craddock*, 133

4

S.W.2d at 126. "The second prong of the *Craddock* test requires [the defaulting party] to 'set up' a meritorious defense in its motion for new trial. Setting up a meritorious defense does not require proof 'in the accepted sense.'" *Dolgencorp of Tex., Inc.*, 288 S.W.3d at 927–28 (citations omitted). But a motion fails to set up a meritorious defense if it does not allege facts constituting such a defense and is not supported "by affidavits or other evidence providing prima facie proof that the defendant has such a defense." *Id.* at 928 (citing *Guar. Bank v. Thompson*, 632 S.W.2d 338, 339 (Tex. 2006); *Ivy*, 407 S.W.2d at 214). Here, aside from his bare assertion in his petition and in his motion for new trial that no marriage existed between him and Olivarez, Bravo alleged no facts related to this defense and provided no affidavits or other evidence that would have constituted prima facie proof of his defense. As such, Bravo failed to set up a meritorious defense and thus failed to establish the second *Craddock* factor.

Because Bravo failed to establish all three of the *Craddock* factors, he did not show himself entitled to a new trial. The trial court therefore did not abuse its discretion in denying Bravo's motion to set aside the default judgment and motion for new trial. Bravo's appellate issue is overruled.

## IV. Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 5th
day of September, 2013.

5