Cecil C. BOULWARE, Appellant,

v.

SECURITY STATE BANK, NAVASOTA, Texas, Appellee.

No. A2370.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 23, 1980.

Rehearing Denied May 14, 1980.

Victor F. Branch, Branch, Beller & Lambert, Houston, for appellant.

Bruce L. James, Saccomanno, Clegg, Martin & Kipple, Houston, for appellees.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

Security State Bank of Navasota and First International Bank of Houston (appellees) secured a default judgment against Cecil Boulware (appellant) in a suit upon a promissory note. Appellant appeals from an order overruling his motion to vacate or set aside default judgment.

On December 1, 1974, appellant executed a promissory note in connection with a Farmers Home Administration Loan made by appellee Security State Bank. Security State Bank subsequently entered into a participation agreement with First International in which First International participated in the loan. In 1977, Security State Bank filed suit against appellant alleging default on the promissory note.

Trial was set for November 7, 1979 at 8:00 a. m. in the District Court of Grimes County. Appellant and his attorney did not arrive until 9:00 a. m., at which time they were advised that the case had already been tried and a default judgment entered against appellant. At the suggestion of the trial court appellant's counsel called appellees' attorney shortly after 10:00 a. m. suggesting that the default be set aside and the case tried that same day. Appellees refused to agree to this procedure. Appellant alleged that he and his attorney were unavoidably delayed due to a traffic accident.

■ To be eligible for a new trial after a default judgment has been entered for failure of defendant to appear for trial, the defendant must show that the failure to appear was not intentional, or the result of conscious indifference on his part, but was due to mistake or accident. Furthermore, he must set up a meritorious defense and must show that the granting of a new trial will cause no delay or hardship to plaintiff. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939).

■ Appellant lives in Montgomery County. He testified that, while enroute to pick up his attorney who lives in Houston, he encountered a massive traffic jam, which

caused him to be late. Appellant testified that he allotted sufficient traveling time and that he and his attorney intended to be in court at 8:00 a. m. We hold that the evidence shows that the failure to appear was not the result of conscious indifference, but was due to accident.

The second prong of *Craddock* requires that the motion for new trial "set up" a meritorious defense. This requirement is necessary in order to prevent the trial of frivolous or unmeritorious defenses. This does not mean that the defendant must *prove* such a defense by a preponderance of the evidence, as at trial. *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966). The *Ivy* court held that the motion for new trial must allege such facts as would constitute a defense to plaintiff's cause of action, and that such defense must be supported by affidavits or other evidence making a prima facie case for defendant. *Ivy v. Carrell, supra*, at 214. Mere allegations of conclusions are insufficient to raise a meritorious defense.

However, the *Ivy* court also considered testimony given by defendant at the hearing on the motion in determining whether defendant had set up a valid defense. The court held in part that:

> [S]ince the motion for new trial does not contain allegations of facts which in law constitute a meritorious defense to the plaintiff's cause of action *and the testimony given on the hearing does not prove such a defense prima facie*, the trial court did not err in overruling the motion. *Id.* at 215. (Emphasis added).

This implies that evidence presented at the hearing is sufficient to set up a meritorious defense.

In *Ivy*, the defendant did not allege sufficient facts in the motion or at the hearing. But in the case at bar, while the motion to vacate the default judgment only alleged conclusions that appellee violated the usury statutes, the testimony and evidence presented at the hearing alleged facts that were sufficient to set up a meritorious defense.

As his defense to the action, appellant alleged that the note was usurious. Appellant claims that ledger sheets, introduced at the hearing, indicate that he made interest payments on an unfunded obligation and thus raises a presumption of usury. If taken as true, this sets up at least a partial defense to the note sued upon. Therefore, even though in its present posture, the record before us would not be sufficient proof of usury at trial, it does meet the *Ivy* test of "setting up" a meritorious defense required for a new trial.

The third requirement provides that the granting of a new trial should not cause a delay or work a hardship on plaintiff. Appellant's motion to vacate the judgment was filed five days after the day of trial and the hearing on the motion was heard on the same day. Furthermore, while appellees claim that appellant did not offer to reimburse appellees for expenses incurred in obtaining the default judgment, appellant at the hearing offered to "do equity." In his brief appellant again offered to pay expenses and costs. It has been held that the failure to offer reimbursement in the motion does not preclude the granting of a new trial. *Dallas Heating Co. v. Pardee*, 561 S.W.2d 16 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.). As stated in *Pardee*, the trial court may determine which expenses, if any, appellant must reimburse.

Since appellant promptly filed his motion to vacate and has offered to pay expenses and costs and since there is no evidence of any hardship resulting to appellees, we conclude that no delay or hardship would have resulted from granting appellant's motion.

The judgment of the trial court is reversed and the cause is remanded for a new trial subject to the trial court's determination of appellees' expenses in securing the default judgment and reimbursement of that sum by appellant.

Reversed and remanded.