**Lawrence R. LYND, Appellant,**

v.

**James B. WESLEY, Appellee.**

**No. A14–85–507–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 30, 1986.

Rehearing Denied Feb. 27, 1986.

Sam E. Rowland and Gene E. Steed, Houston, for appellant.

Paul A. Ehlert, Brenham, and Thomas W. Moore, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a judgment arising from a suit for collection of a promissory note. We affirm.

Appellant, Lawrence R. Lynd, presents four points of error on appeal. Appellant alleges the trial court erred: (1) in failing to grant appellant's Motion for New Trial on the basis of newly discovered evidence; (2) in sustaining appellee's objections to appellant's questions seeking to determine if appellee was a "holder in due course" of the note in question; (3) in failing to grant appellant's Motion for Continuance in order to develop the subsequently discovered material evidence; and (4) in failing to file requested findings of fact and conclusions of law.

On December 16, 1983, John W. Haney, Langston Boatman and Lawrence R. Lynd, as partners and co-makers, signed a promissory note payable to the Washington County State Bank. The principal amount of the promissory note was one hundred thousand dollars ($100,000.00) and the money was used as a down payment on the Holiday Inn Motel property purchase. On December 8, 1983, Haney, Boatman and Lynd signed a written partnership agreement for the purpose of buying the Holiday Inn Hotel property in Brenham, Texas.

The promissory note was renewed and extended by renewal note dated July 16, 1984, in the principal amount of $104,-316.40. Haney and Boatman assigned to the Washington County State Bank another note secured by lien on land located in Walker County, Texas, as collateral security for the partners' note.

The Washington County State Bank filed suit against the three partners for collection of the promissory note on January 15, 1985, alleging default on the note. Answers in the form of general denials were filed on behalf of Lynd and Haney. Boatman was served with citation but failed to appear or answer the suit. On February 22, 1985, appellee, James B. Wesley, a licensed attorney, purchased the promissory note from the Washington County State Bank and obtained an assignment of the lien on the Walker County land in his name.

On February 25, 1985, Wesley filed plaintiff's First Amended Original Petition alleging the transfer of the note and lien to him from the Washington County State Bank. Lynd and Haney were served with notice of this amended petition and the trial was set for March 5, 1985. The March 5th trial was reset to March 20, 1985 at the request of appellant Lynd, who had filed a motion for continuance.

On March 20, 1985, prior to the trial, Lynd presented another motion for continuance which was denied. Also presented prior to this hearing was Lynd's motion to designate lead counsel of record providing for Sam E. Rowland to serve as lead counsel and George Pappas, his original counsel, to serve as co-counsel. Mr. Rowland was not present at the hearing so the court designated Mr. Pagel, an associate in Rowland's firm, to serve as lead counsel and proceeded to try the case. The trial was to the Court since a jury trial was not requested by either party.

Judgment was rendered for appellee, Wesley, against the three co-makers of the note: Lynd, Boatman and Haney, jointly and severally, in the sum of $109,751.00, together with attorney's fees in the sum of $3,500.00.

In his first point of error, appellant alleges that the trial court erred in failing to grant his Motion for New Trial that was requested on the basis of newly discovered evidence. Judgment was signed on March 25, 1985 and Motion for New Trial was filed on April 16, 1985. On May 9, 1985, an Amended Motion for New Trial was filed with leave of the court.

The Texas Rules of Civil Procedure, Rule 329b provides:

> (b) One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed.

Appellant's amended motion for New Trial was not filed within the thirty day time frame allowed by rule 329b(b), *supra*. Additionally, Rule 5 of the Texas Rules of Civil Procedure prohibits the trial court from enlarging said time period "for taking any action under the rules relating to new trials ..." Therefore, the trial court was without authority to grant leave to file appellant's first amended motion for new trial some 45 days after judgment was signed. *Larry Lind, et al. v. John M. Gresham*, 672 S.W.2d 20 (Tex.App.—Houston [14th Dist.] 1984, no writ). We will not consider this untimely filed amended motion for new trial, which was filed on May 9, 1985. The motion for new trial filed April 16, 1985 is before this court and will be considered.

Appellant alleges in his Motion For New Trial that one of the co-makers of the note, John W. Haney, supplied appellee with the money to purchase the note from the bank. He further contends that in light of the note being satisfied by one of the original co-makers, the obligation is discharged as to the other co-makers pursuant to the Uniform Commercial Code, sections 3.601 and 3.603 as adopted by the State of Texas.

It is well settled that in order to require the granting of a new trial on grounds of newly discovered evidence, it is essential that the moving party introduce by admissible competent evidence at the hearing for the new trial: (1) the existence of the newly discovered evidence, (2) that the moving party had no notice of the existence of such evidence prior to the time of trial, (3) that due diligence was exercised to procure the evidence prior to the time of trial, (4) that the evidence is not merely cumulative and does not tend only to impeach, and (5) that the evidence would produce a different result if a new trial were granted. *Estate of Arriinton v. Fields*, 578 S.W.2d 173 (Tex. Civ.App.—Tyler 1979, writ ref'd n.r.e.); *Fettig v. Fettig*, 619 S.W.2d 262 (Tex.Civ. App.—Tyler 1981, no writ).

Appellant failed to meet at least 2-prongs of the above cited 5-prong test. In reviewing the record, we find that appellant failed to introduce admissible, competent evidence at the hearing on the motion for new trial of the existence of any newly discovered evidence. Additionally, pursuant to the appellant's allegation concerning the source of funds used to purchase the note, we find that appellant did not show due diligence in trying to procure the evidence prior to the time of trial. The record does not reflect any attempt by appellant to effect pre-trial discovery of the note's co-makers, the officers of the Washington County State Bank, appellee, or any other person regarding the assignment of the note prior to the date of trial, on March 20, 1985.

In light of the above stated facts, we find that the trial court did not abuse its discretion in failing to grant appellant's motion for new trial. Accordingly, we overrule appellant's first point of error.

In the second point of error, appellant alleges that the trial court erred in sustaining appellee's objections to appellant's questions seeking to determine if appellee was a "holder in due course" of the note in question. Appellant contends more specifically that the trial court erred in failing to allow appellant's attorney to determine whether or not appellee "paid value" for the note in question. During trial, appellant's attorney asked the appellee, "What did you pay for the note?" Appellee's at-

torney objected to this question as irrelevant and the court sustained the objection. Appellant's attorney then asked appellee, "Mr. Wesley, did you know the note was in default when you purchased it?" Once again the trial court sustained the objection by appellee's attorney.

■ The Texas Business and Commerce Code, section 3.302 states in relevant part that:

> (a) A holder in due course is a holder who takes the instrument
>
> (1) for value; and
>
> (2) in good faith; and
>
> (3) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

Appellee had knowledge that the note was in default when he purchased it from Washington County State Bank. As a matter of law, therefore, appellee does not qualify as a holder in due course. *Matter of Marriage of Rutherford*, 573 S.W.2d 299 (Tex.Civ.App.—Amarillo 1978). Consequently, the above stated objections by appellee's attorney were properly sustained by the court because there was no need for further inquiry as to appellee's status as a holder in due course. The evidence sought to be obtained by appellant's attorney was irrelevant and immaterial to the matter at hand. Whether or not appellee is a holder in due course, he may still recover on the indebtedness, however, he takes the instrument subject to any available defenses of the parties. Tex.Bus. & Com.Code, § 3.306 (Tex.UCC.) (Vernon 1968). We find that the trial court did not err in sustaining appellee's objections to appellant's questions concerning appellee's status as a holder in due course. Accordingly, we overrule appellant's second point of error.

In point of error three, appellant alleges the trial court erred in failing to grant appellant's motion for continuance in order to discover and develop allegedly material evidence. In the instant case, appellant filed two motions for continuance.

■ In the first motion for continuance, appellant alleged that his attorney, George Pappas, was not provided with ten days notice of the March 5, 1985 setting of the trial as required by Rule 245 of the Texas Rules of Civil Procedure. Appellee, through his attorney of record, Paul A. Eblert, agreed to pass the case; and advised appellant's attorney, George P. Pappas, of his intent to reset the trial for March 20, 1985.

On the day of the hearing, March 20, appellant filed a second motion for continuance. In this second motion appellant asserts: (1) that a new lead counsel was retained and additional time is required to investigate the matter, (alleging he was hired, March 18, 1985, two days prior to trial) and; (2) that one of the defendant co-makers of the note, Langston Boatman, was served, but failed to file an answer. Further, that Boatman is a material witness whose testimony is essential to his case and a continuance is needed to take his deposition.

Initially, appellant retained the services of George P. Pappas to represent him in the action before the trial court. Attorney Pappas filed a general denial on behalf of appellant on February 15, 1985. Mr. Pappas continued to serve as lead counsel of record for appellant until March 20, 1985, the date of the final hearing, when a Motion to Designate Lead counsel was filed and approved by the court. Attorney Pappas then continued to serve as co-counsel for appellant.

As previously stated, appellant alleges that the newly designated counsel had only two days to prepare for trial and that was not ample time to investigate the case. We do not agree.

The original attorney on the case, George Pappas, has had ample time to prepare the case for trial. We find that appellant has failed to demonstrate due diligence in his preparation for trial.

■ Secondly, appellant alleges, as grounds for continuance, the necessity of a co-maker's testimony, namely Boatman.

However, appellant's motion failed to comply with Rule 252, Tex.R.Civ.Proc. for it failed to allege the materiality of the testimony of Mr. Boatman or that due diligence was used to procure such testimony prior to trial. The Texas Rules of Civil Procedure, Rule 252 states in pertinent part:

> If the ground for such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality therefor, and that he has used due diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and *if it be for the absence of a witness,* he shall state the name and residence of the witness, and *what he expects to prove by him;* and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source.

Appellant, in his motion for continuance, sets forth the following allegation:

> Defendant has also learned that one of the defendants herein, Langston Boatman, has been served with process but has not timely filed an answer. Mr. Boatman is a material witness whose testimony is essential to Defendant's case. On account of his default, it is unlikely that Mr. Boatman will be present at trial and his testimony may have to be procured by deposition.

We find that appellant did not comply with the requirements set forth in Rule 252, *supra.* Boatman is labeled a material witness, however, appellant fails to state what he expects to prove by him. The granting of a continuance rests in the sound discretion of the trial judge. *Hernandez v. Heldenfels,* 374 S.W.2d 196, (Tex.1963). The absence of a material witness is "sufficient cause," but only if proper diligence has been used to procure the testimony of the witness. *Fritsch v. J.M. English Truck Line,* 151 Tex. 168, 246 S.W.2d 856 (1952). The Texas Rules of Civil Procedure, Rule 176, authorizes the placing of a witness residing within 100 miles of the courthouse under subpoena to compel their attendance and Rule 186 authorizes the taking of depositions. If utilized, these rules offer parties ready and fairly certain means of procuring testimony of witnesses who reside within 100 miles. Additionally, these rules offer parties absolute protection against being forced to trial without the benefit of the testimony of material witnesses. If parties choose to forego their rights under these rules and resort to other and less effective and less certain means of procuring the testimony of material witnesses they must be held to their own risk and with fair knowledge that they will be put to trial without the benefit of the testimony. *Fritsch,* supra; *Middleton v. Vaughn,* 530 S.W.2d 925 (Tex.Civ. App.—Waco 1975, no writ).

In the instant case, appellant did not subpoena the witness nor did he take his deposition. Moreover, appellant alleged no reasons in his motion for continuance supporting why he could not have done so.

In these circumstances, we find that the trial court did not abuse its discretion in overruling the motion. We overrule appellant's third point of error.

In the fourth point of error appellant alleges that the trial court erred by failing to file requested findings of fact and conclusions of law. The Texas Rules of Civil Procedure, Rule 296 states in part:

> ... Such request shall be filed within ten days after final judgment is signed.

In the instant case, judgment was signed on March 25, 1985. The Request for findings of fact and conclusions of law was filed on June 10, 1985 some 77 days later. Clearly, appellant's request was untimely and the trial court did not err by not filing the requested findings of fact and conclusions of law. We overrule appellant's fourth point of error.

Accordingly, the judgment of the trial court is affirmed.