EQUINOX ENTERPRISES, INC., et al., Appellants,

v.

ASSOCIATED MEDIA INCORPORATED, Appellee.

No. 05–86–00379–CV.

Court of Appeals of Texas, Dallas.

May 22, 1987.

Stephen C. Porter, Dallas, for appellants.

W. Steven Walker, Dallas, for appellee.

Before HOWELL, ROWE and LAGARDE, JJ.

LAGARDE, Justice.

Associated Media Incorporated (AMI), a Texas corporation, sued Equinox Enterprises, Inc. (Equinox), a California corporation, and its sole officers and shareholders, Randall K. Blake and Thomas A. McCauley, in their individual capacities, for breach of contract, quantum meruit, and slander. The trial court rendered one final default judgment against Equinox, Blake, and McCauley, holding all three defendants jointly and severally liable for the entire amount of the judgment. The basis of the default judgment against Blake and McCauley, both of whom are California residents, was their failure to file an answer. The judgment against Equinox resulted when the trial court struck Equinox's answer, after a hearing on a motion for discovery sanctions against Equinox, for failing to comply with proper discovery requests. In two points of error, Equinox, Blake, and McCauley contend that the trial court erred in overruling their motion for new trial. We disagree. Accordingly, we affirm.

■ A trial court's ruling on a motion for new trial will be disturbed only if an abuse of discretion is shown. *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). However, a default judgment should be set aside, and a new trial ordered, where: 1) the defendant's failure to answer was due to an accident or mistake, and was not intentional or the result of conscious indifference; 2) the motion for new trial sets up a meritorious defense to the plaintiff's cause of action; and 3) granting the motion for new trial will cause no delay or injury to the plaintiff. *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939); *see also Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966) (approving *Craddock* ). *Craddock* clearly applies to default judgments rendered where the defendant does not file

an answer. *See, e.g., Strackbein*, 671 S.W.2d at 38; *United Beef Producers, Inc. v. Lookingbill*, 532 S.W.2d 958, 958–59 (Tex.1976). We hold that *Craddock* also applies to a motion for new trial seeking to set aside a default judgment rendered after the trial court strikes a defendant's answer as a sanction for failing to comply with proper discovery requests, as the trial court did to Equinox's answer here. *See Lind v. Gresham*, 672 S.W.2d 20, 21–22 (Tex.App.—Houston [14th Dist.] 1984, no writ) (applying *Craddock* to a default judgment rendered after the defendant's answer was stricken as a sanction for failure to comply with discovery requests); *see also Fears v. Mechanical & Industrial Technicians, Inc.*, 654 S.W.2d 524, 529 (Tex.App.—Tyler 1983, writ ref'd n.r.e.) (default judgment rendered after a defendant's answer is stricken is essentially the same as a default judgment rendered where a defendant fails to file an answer). Thus, we must decide whether any of the defaulting defendants before us have satisfied the requirements of *Craddock*.

■ Although the judgment was signed on November 27, 1985, the trial court entered an order stating that Equinox, Blake, and McCauley did not acquire actual knowledge of the judgment until January 2, 1986. Therefore, the appellate timetable, including the time for filing motions for new trial as prescribed in Rule 329b of the Texas Rules of Civil Procedure, runs from January 2, 1986. *See* TEX.R.CIV.P. 306a(4).

Equinox, Blake, and McCauley filed a motion for new trial, with accompanying affidavits and exhibits (A, B, and C), on January 30, 1986. That motion was timely filed because it was filed within thirty days after January 2, 1986. *See* TEX.R.CIV.P. 329b(a); TEX.R.CIV.P. 306a(4). On February 19, 1986, AMI filed a response to the motion for new trial. Equinox, Blake, and McCauley then filed a supplemental motion for new trial on February 19, 1986, forty-eight days after January 2, 1986. On February 26, 1986, fifty-five days after January 2, 1986, Equinox, Blake, and McCauley filed supplemental affidavits and several exhibits (D through K) to the supplemental

motion for new trial. Exhibits J and K consist of copies of corporate records (certificate of incorporation, articles of incorporation, corporate bylaws, minutes of corporate meetings, and corporate resolutions).

■ Rule 329b(b) [1] provides:

(b) One or more *amended* motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and *within thirty days* after the judgment or other order complained of is signed.

TEX.R.CIV.P. 329b(b) (emphasis added). An amended motion for new trial filed without leave of court and more than thirty days after the appellate timetable begins to run is a nullity, and cannot be considered by the trial court. *See L.B. Foster Co. v. Glacier Energy, Inc.*, 714 S.W.2d 48, 49 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.). Although rule 329b(b) is silent regarding supplemental motions for new trial, we hold that the same rule applies to supplemental motions. The record does not reflect that Equinox, Blake, and McCauley obtained leave of court to file their supplemental motion for new trial.[2] Therefore, the supplemental motion, supplemental affidavits, and exhibits D through K filed by Equinox, Blake, and McCauley more than thirty days after the timetable began to run were not timely filed and the trial court could not consider them. Thus, we will review only the allegations contained in the January 30, 1986 motion for new trial and in the affidavits and exhibits accompanying that motion to determine whether the trial court abused its discretion by not granting a new trial.

## I. EQUINOX

■ A motion for new trial is addressed to the sound discretion of the trial court. *See Cliff v. Huggins*, 30 Tex.Sup.Ct.J. 205, 205, 724 S.W.2d 778 (1987); *Strackbein*, 671 S.W.2d at 38. Equinox argues that the trial court abused its discretion in overruling its motion for new trial because it was not given proper notice of the hearing on AMI's motion for sanctions. We assume, but do not decide, that Equinox did not receive proper notice of the hearing and that the allegation of insufficient notice contained in Equinox's motion for new trial satisfies the first prong of *Craddock*.[3]

■ However, *Craddock* also requires that a defaulting defendant "set up" a meritorious defense in its motion for new trial. *See Craddock*, 134 Tex. at 393, 133 S.W.2d at 126; *see also Cliff*, 30 Tex.Sup.Ct.J. at 205–06, 724 S.W.2d 778 (although the defendant's allegation of improper notice of the trial setting provided a sufficient excuse for his failure to appear at trial, he still had to meet the second prong of *Craddock* by setting up a meritorious defense).

1. Unless otherwise specified, all rule references are to the Texas Rules of Civil Procedure.

2. We do not reach the question of whether, under rule 329b(b), an amended or supplemental motion for new trial may be filed *with leave of court* more than thirty days after the appellate timetable begins to run. *See Lynd v. Wesley*, 705 S.W.2d 759, 762 (Tex.App.—Houston [14th Dist.] 1986, no writ) (holding that an amended motion filed with leave of court 45 days after judgment was signed was not timely filed and could not be considered); *Lind v. Gresham*, 672 S.W.2d 20, 22 (Tex.App.—Houston [14th Dist.] 1984, no writ) (holding that an amended motion filed with leave of court 76 days after judgment was signed was a nullity). However, we note that rule 5 prohibits a trial court from enlarging "the period for taking any action under the rules relating to new trials except as stated in these rules...." TEX.R. CIV.P. 5. One Texas appellate court has held that, under rule 5, a trial court has no authority to grant leave to file amended motions for new trial more than thirty days after the judgment is signed. *See Lynd*, 705 S.W.2d at 762; *Lind*, 672 S.W.2d at 22.

3. We recognize that generally, under *Craddock*, a defaulting defendant must show that the *specific act of default* by the defendant that formed the basis of the trial court's judgment was due to an accident or mistake, and was not intentional or the result of conscious indifference. *See, e.g., Cliff v. Huggins*, 30 Tex.Sup.Ct.J. at 205, 724 S.W.2d 778 (excuse for failing to appear at trial was required where that failure led to a post-answer default judgment); *Strackbein*, 671 S.W.2d at 39 (excuse for failing to file an answer was required where that failure led to a no-answer default judgment). Here, the specific act of default that formed the basis of the trial court's judgment and the imposition of sanctions against Equinox was the failure of Blake and McCauley to appear for depositions.

With respect to Equinox, the motion contains only the following allegations which purport to set up a meritorious defense:

> Defendants would show that they have a meritorious defense to Plaintiff's lawsuit since the Plaintiff had breached the production agreement which is the basis of Plaintiff's claim against Defendants and had further failed to perform the agreed-upon services.

The motion is deficient in two respects. First, in order to set up a meritorious defense, "[t]he motion must *allege facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense." *Ivy,* 407 S.W.2d at 214 (emphasis added). Mere conclusory allegations will not satisfy the meritorious defense requirement of *Craddock. See Dallas Heating Co., Inc. v. Pardee,* 561 S.W.2d 16, 20 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.); *Boulware v. Security State Bank of Navasota,* 598 S.W.2d 687, 689 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Neither the motion for new trial nor the accompanying affidavits of Blake and McCauley allege facts to support Equinox's bare allegation of a breach of contract by AMI. The affidavits merely repeat the conclusory allegations of breach of contract and failure to perform and do not set forth facts showing how AMI breached the contract or failed to perform.

■ Second, AMI's second amended petition seeks recovery for slander, in addition to damages for breach of contract and quantum meruit, and the trial court specifically awarded $15,000 in damages to AMI for slander. However, the motion for new trial does not mention AMI's slander cause of action; therefore, Equinox has not attempted to set up a meritorious defense as to that cause of action. We hold that, with respect to Equinox, the motion for new trial fails to set up a meritorious defense to AMI's causes of action. Thus, the trial court did not abuse its discretion in refusing to grant Equinox a new trial.

## II. BLAKE AND McCAULEY

With respect to the individual defendants, Blake and McCauley, the motion for new trial contains the following allegations:

> Defendants would show that they have a meritorious defense to Plaintiff's lawsuit since the Plaintiff had breached the production agreement which is the basis of Plaintiff's claim against Defendants and had further failed to perform the agreed-upon services. *Further, in no way are Defendants McCauley and Blake liable in their individual capacity.*

We have already held that the mere conclusory allegations of breach of contract and failure to perform are not sufficient to set up a meritorious defense to AMI's causes of action. Therefore, we must decide whether Blake and McCauley, by the italicized language above and through the affidavits accompanying the motion for new trial, have satisfied the meritorious defense requirement of *Craddock.* We note initially that if a party wishes to contest such issue, liability in an individual capacity must be expressly denied under oath. *See* TEX.R.CIV.P. 93(2). Blake and McCauley complied with rule 93 by filing sworn affidavits with the motion for new trial denying liability in their individual capacities.

In AMI's second amended petition, Blake and McCauley are both named as individual defendants. Additionally, AMI alleges that Equinox is merely an alter ego of Blake and McCauley. In order to pierce the corporate veil of Equinox, and recover from Blake and McCauley individually, AMI alleges that:

> Equinox is used solely for the purpose of shielding Blake and McCauley from personal liability;
>
> Equinox was under capitalized and was intended to be under capitalized in order to defraud legitimate creditors of Equinox like Plaintiff.
>
> Equinox has no assets but all assets are stripped away from Equinox and used for the personal use of Blake and McCauley.
>
> There is close identity between the corporation and Blake and McCauley such that same are interchangeable.

Corporate formalities have not been complied with or followed, minute books and stock transfer ledgers maintained or resolutions authorizing corporate action prepared.

No meetings of directors, officers or shareholders have been held.

All the capital stock of the corporation is held by Blake and McCauley.

In holding Blake and McCauley jointly and severally liable with Equinox, the trial court specifically found that:

The purpose of incorporating the business "Equinox Enterprises, Inc.," was to perpetrate fraud on Plaintiff and to escape personal liability for debts it intended to incur.

 Under *Craddock*, a defaulting defendant must set up a meritorious defense to the plaintiff's *cause of action. See Ivy*, 407 S.W.2d at 214. We recognize that alter ego is not a cause of action, but merely a means of imposing individual liability where it would not otherwise exist. *See Gulf Reduction Corp. v. Boyles Galvanizing & Plating Co.*, 456 S.W.2d 476, 480 (Tex.Civ.App.—Fort Worth 1970, no writ). However, since Blake and McCauley allege as a meritorious defense to AMI's causes of action that they are not liable in their individual capacities, we apply *Craddock* in light of all theories for imposing individual liability on Blake and McCauley that were pleaded by AMI. In this connection, neither the motion for new trial nor the accompanying affidavits allege facts tending to defeat AMI's contention that Equinox was merely an alter ego of Blake and McCauley. Thus, we hold that, in light of AMI's pleadings challenging the shield afforded by Equinox's corporate existence, the mere conclusory allegation "in no way are Defendants McCauley and Blake liable in their individual capacity" is not sufficient to set up a meritorious defense to AMI's causes of action.

 In the motion for new trial, Blake and McCauley also allege that:

[T]he Trial Court did not have in personam jurisdiction over them at the time of the entry of the aforesaid Default Judgment since they had never done business in Texas in their individual capacity and service was therefore defective.

We recognize the rule that a defaulting defendant need not set up a meritorious defense if the judgment is void on the face of the record. *See City of Fort Worth v. Gause*, 129 Tex. 25, 29–30, 101 S.W.2d 221, 223 (1937). A judgment rendered against an individual over whom the trial court lacks jurisdiction is void. *See Martin v. Sheppard*, 145 Tex. 639, 642, 201 S.W.2d 810, 812 (1947). However, jurisdiction of the person of a non-resident defendant is determined from the face of the pleadings. *See McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex.1965) (plaintiff must make sufficient jurisdictional allegations to bring a non-resident defendant within the provisions of the Texas long-arm statute). AMI's second amended petition contains the following jurisdictional allegations:

As individual Defendants both Blake and McCauley each has done or performed purposeful action in the State of Texas in that:

(i) The individuals came to Texas and solicited business from Plaintiff, and

(ii) Substantial portion of the work was performed by the individuals and by Plaintiff in Dallas, Dallas County, Texas;

The causes of action further alleged herein arose directly out of the work performed and the transactions occurring in the forum state.

Additionally, AMI alleges that it entered into a contract with Equinox, Blake, and McCauley in which Equinox, Blake, and McCauley agreed to perform certain video taping services. We hold that the allegations made by AMI in its second amended petition are sufficient to bring Blake and McCauley within the provisions of the Texas long-arm statute. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 17.042(1) (Vernon 1986) (a non-resident does business in Texas if the non-resident enters a contract with a Texas resident which is performable in whole or in part in Texas). Moreover, the judgment here is not void on the face of the record because the record does not show that Blake and McCauley had insufficient

contacts with Texas, related to the contract with AMI, so as to prevent the trial court from exercising jurisdiction over them.

We next consider whether the allegation that Blake and McCauley did not do business in Texas in their individual capacities is sufficient to set up a meritorious defense to AMI's causes of action. With respect to AMI's slander cause of action, we note that, by definition, a non-resident "does business" in Texas for purposes of the Texas long-arm jurisdiction statute if the non-resident commits a tort in whole or in part in Texas. TEX.CIV. PRAC. & REM.CODE ANN. § 17.042(2) (Vernon 1986). In Texas, an agent may be held jointly and severally liable with his principal for torts that the agent commits while acting within the scope of his employment. *See Fleming v. Lon Morris College*, 85 S.W.2d 276, 279 (Tex.Civ.App.—El Paso 1935, writ ref'd); *see also Dr. Salsbury's Laboratories v. Bell*, 386 S.W.2d 341, 343 (Tex.Civ.App.—Dallas 1964, writ dism'd) (an agent is personally liable for his own torts). Therefore, even if Blake and McCauley made no slanderous statements in their individual capacities, but acted solely as agents of Equinox as AMI alleges, they could still be held jointly and severally liable for slander with Equinox. Thus, the allegation that Blake and McCauley did not do business in Texas in their individual capacities is not sufficient to set up a meritorious defense to AMI's slander cause of action.

Nor is the allegation that Blake and McCauley have never done business in Texas in their individual capacities sufficient to set up a meritorious defense to AMI's causes of action for breach of contract and quantum meruit. An individual is responsible for the liabilities of a corporation that is his alter ego. *See American Petrofina Co. of Texas v. Crump Business Forms, Inc.*, 597 S.W.2d 467, 472 (Tex.Civ. App.—Dallas 1980, writ ref'd n.r.e.) (under alter ego theory, the individual stands liable for the acts of the corporation); *Rosenthal v. Leaseway of Texas, Inc.*, 544 S.W.2d 180, 181–83 (Tex.Civ.App.—Tyler 1976, no writ) (corporate organizer held personally liable for debts of corporation that was his alter ego). As we have already noted, Blake and McCauley have not alleged facts tending to negate AMI's allegations that Equinox is their alter ego. Additionally, Blake and McCauley do not challenge the amenability of Equinox to the jurisdiction of Texas courts. Therefore, if Equinox has incurred liability for breach of contract or quantum meruit through its business dealings with AMI in Texas, and if Equinox is the alter ego of Blake and McCauley, Blake and McCauley could still be held individually responsible for the liabilities of Equinox even if they purported to act solely as agents of Equinox. Thus, we hold that, in light of AMI's alter ego allegations, Blake and McCauley's allegation that they did not do business in Texas in their individual capacities does not set up a meritorious defense to AMI's breach of contract and quantum meruit causes of action.

For the reasons stated above, we hold that, tested by the rule of *Craddock*, the trial court did not abuse its discretion in refusing to grant Blake and McCauley a new trial.

Affirmed.