**G & C PACKING COMPANY, INC. d/b/a Tom Clamon Foods, Appellant,**

v.

**Jake COMMANDER and Phyliss Commander, Appellees.**

No. 12–95–00060–CV.

Court of Appeals of Texas, Tyler.

July 31, 1995.

Otis Carroll and Deborah J. Race, Tyler, for appellant.

Michael Parr, for appellees.

RAMEY, Chief Justice.

This is an appeal from a post-answer default judgment in a personal injury suit arising out of an alleged work-place accident. Jake and Phyliss Commander ("the Commanders") obtained the default judgment in district court against G & C Packing Company, Inc., d/b/a Tom Clamon Foods ("G & C") while all actions against G & C were allegedly subject to a court-ordered stay issued by the county court at law in a divorce suit between Tom Clamon and Shirley Clamon ("the Clamons"), the owners of G & C. Claiming to rely on the stay order, the court-appointed receiver in the divorce case did not appear in court on the day the Commanders' case was set for trial, and the district court granted a default judgment against G & C. After a hearing, the court overruled G & C's motion for new trial. We reverse the ruling of the district court and remand for new trial.

On June 16, 1993, one day before the running of the statute of limitations, the Commanders filed suit in Travis County for injuries Ms. Commander allegedly suffered while working in the G & C plant in Anderson County. G & C filed its original answer and a motion to transfer venue to Anderson County, and the case was transferred in September of 1993. Aside from a substitution of counsel, no action occurred in the case until one year later.

Matters pertinent to the Commanders' suit occurred, however, in the Clamons' divorce case in the county court at law of Anderson County. In July of 1994, that court appointed a receiver to take control of the Clamons' community estate, including G & C. The court granted the receiver, a certified public accountant, broad powers and forbade the Clamons from circumventing his authority with respect to the assets involved. The receiver's powers were protected by a stay order issued on the same day, covering the Clamons and their business enterprise, G & C Packing. The order protected them from any party "seeking ... relief in any form" and further stated that "this stay shall be immediately effective against any and all ongoing and/or anticipated actions against G &

C Packing Company d/b/a Tom Clamon Foods...."

On August 23, 1994, in the Commanders' personal injury suit, G & C's attorney filed a motion to withdraw, citing the fact that G & C had been placed into receivership. That motion was served on the Commanders through their attorney. The judge allowed the withdrawal and set the case for trial on December 5 of that year. On the morning of the trial date, the Commanders' attorney announced to the court that he had intended to file a motion for continuance if someone appeared on behalf of G & C. No one appeared for G & C because, as stated, the receiver had assumed the district court would honor the stay order of the county court at law and not take any action. The Commanders' attorney informed the court that a receiver had been appointed in the divorce case, stating that "apparently there's a receiver that represents the corporation." As it happened, the attorney representing Tom Clamon in the divorce action was also present in the courtroom, though for a different case, and he informed the court of the receivership as well.

When no one appeared on behalf of G & C, the attorney for the Commanders asked the court to proceed with the case and stated that he had "a judgment ready to go in the event that no one did come on behalf of the receiver." The judge allowed the Commanders to proceed to judgment with the understanding that "of course a motion to set it aside can be made anytime within thirty days." The Commanders' only evidence was their own testimony. Though they claimed to have medical records, none were offered. Mrs. Commander requested and was awarded a total of $226,750 in damages for lost wages (past and future), past and future medical expenses, and pain and suffering; her husband sought and received $25,000 for loss of consortium.

At the hearing on G & C's motion for new trial, a different judge presided. G & C introduced the stay order and the order appointing the receiver, and the receiver testified that he had understood "[t]hat no action can be taken against G & C Packing Company or the community estate without the ap-

proval of the court [in the divorce action]." He also testified that he never received formal notice of the default judgment. Tom Clamon testified that he believed he was forbidden by the stay order from taking any action in the suit. The trial court overruled the motion for new trial.

■ The refusal of a trial court to grant a new trial will not be disturbed on appeal absent a clear abuse of discretion. *Estate of Pollack v. McMurrey,* 858 S.W.2d 388, 390 (Tex.1993). While the trial court here had no notice of the stay issued by the county court at law when the default judgment was taken, it did know of the receivership affecting G & C, and it had been apprised of the stay by the time of the hearing on the motion for new trial.

We first address an issue raised by the Commanders in their response to G & C's first point of error. They assert that there cannot have been any abuse of discretion on the part of the trial court in denying the motion for new trial because the motion had been overruled by operation of law before the hearing on the motion took place. According to the Commanders, the motion should have been heard by February 18, 1995, 75 days after the entry of judgment. The actual hearing took place on February 24, after the motion was overruled by operation of law. The court's docket sheet shows that the hearing was originally set for January 27, but nothing in the record or the briefs explains the circumstances of the hearing reschedule. The Commanders, however, did not file their response to the motion until February 23, and did not make the contention in their response that the motion should have been overruled by operation of law.

■ The case cited by the Commanders on this point states that no "abuse of discretion occurs when the defaulting party fails to call his motion to the judge's attention and allows it to be overruled by operation of law." *Shamrock Roofing Supply, Inc. v. Mercantile National Bank at Dallas,* 703 S.W.2d 356, 358 (Tex.App.–Dallas 1985, no writ). The case at bar is distinguishable because G & C did request a hearing, and the court set a hearing date within the allotted time. The record is silent as to the reason for the postponement. At any rate, the court obviously agreed to the postponement of the hearing and held the hearing well within the time in which it retained plenary power over the matter. Tex.R.Civ.P. 329b(e). This Court may therefore review the denial of the motion for new trial under an abuse of discretion standard.

■ In its second point of error, G & C claims that the trial court erred in not granting a new trial because G & C met the test for vacating default judgments set out by the supreme court in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.1939). In *Craddock,* the supreme court established the rule that "a default judgment should be set aside and a new trial be ordered in any case in which the failure of the defendant to answer before judgment was not intentional or the result of conscious indifference on his part, but was due to a mistake or an accident." *Id.; See also Bank One, Texas, N.A. v. Moody,* 830 S.W.2d 81, 83 (Tex.1992). The test also requires that the motion for new trial set up a meritorious defense and that it be filed "at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." *Id.* The supreme court has extended the *Craddock* test to apply to post-answer default judgments as well. *See Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex.1987); *Grissom v. Watson,* 704 S.W.2d 325, 326 (Tex. 1986).

■ As previously noted, at the hearing on the motion for new trial, both Tom Clamon and the court-appointed receiver claimed to have believed that no action could be taken in the Commanders' case as a result of the stay order. The stay order stated, among other things, that "this stay be immediately effective against any and all ongoing and/or anticipated actions against G & C Packing Company d/b/a Tom Clamon Foods." Mr. Clamon testified that he believed that any action on his part in the matter would, in fact, be a violation of the receivership order. The district court hearing the Commanders' case had allowed the withdrawal of G & C's attorney. Neither Mr. Clamon nor the Receiver are attorneys, so G & C was without legal

counsel at the time of the default judgment. In light of these facts, G & C's failure to appear on the day of trial cannot be said to be intentional or the result of conscious indifference. Clamon and the receiver relied on and obeyed the stay order of the county court at law, believing that no action in the Commanders' case could be taken by either side. Their failure to appear was therefore the result of an accident or mistake, satisfying the first prong of the *Craddock* test.

The *Craddock* test also requires that a meritorious defense be set up by the party seeking to have a default judgment set aside, but we hold that that element is not necessary for G & C here. The Supreme Court of Texas has held that when a defaulting party had no actual or constructive notice of the hearing at which default judgment was entered, that party is not required to set up a meritorious defense in order to vacate the default judgment. *Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988); *LBL Oil Co. v. International Power Services, Inc.,* 777 S.W.2d 390, 390–391 (Tex.1989). To require a party who had not received such notice to prove a meritorious defense would constitute a violation of that party's right to due process under the Fourteenth Amendment. *Id.*

■ Certainly analogous are the circumstances here when G & C effectively had no notice of the hearing, or at least no notice of the possibility that it could be required to appear in court on the day set for trial, since the Clamons and the receiver had knowledge at all times of the stay order prohibiting any action against G & C in that suit. It is clear from the evidence presented that neither the Clamons nor the receiver believed the court could proceed in the Commanders' case after the issuance of the stay order by the county court at law. Under these unusual circumstances, we hold that the entry of default judgment and the denial of G & C's right to a jury trial violates due process just as if G & C had not received actual notice of the trial setting.[1] We thus hold that no showing of a meritorious defense was required.

Finally, in order for a default judgment to be vacated upon motion for new trial, the motion must be "filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." *Craddock,* 133 S.W.2d at 126. At the hearing in which default judgment was entered, counsel for the Commanders stated on the record that he had intended to ask for a continuance if anyone had appeared on behalf of G & C. Vacating the judgment for a new trial would not appear to cause the Commanders significant hardship.

■ The Commanders have no doubt suffered some expense related to the default and motion for new trial, and G & C apparently did not make an express offer to pay those expenses until oral argument on this appeal. While some courts have accepted an offer by the defendant to pay such expenses as proof that there is no injury, such an offer is not mandatory and will not preclude the granting of a new trial. *Angelo v. Champion Restaurant Equip. Co.,* 713 S.W.2d 96, 98 (Tex.1986); *Boulware v. Security State Bank, Navasota,* 598 S.W.2d 687, 689 (Tex. Civ.App.–Houston [14th Dist.] 1980, writ ref'd n.r.e.). The court in *Boulware* reversed a default judgment but conditioned their reversal and remand for new trial on the trial court's determination of expenses incurred by the plaintiff in obtaining the judgment and payment of those expenses by the defendant. *Boulware,* 598 S.W.2d at 689. We follow that approach here.

■ Because we sustain G & C's second point of error, we need not address the issue raised in G & C's first point. Upon learning of the stay order issued by the county court at law, the district court should have set aside the default judgment, required the Commanders' to seek a modification of the stay order in the other court and given G &

---

1. Though G & C did not specifically allege a meritorious defense in their motion for new trial, the evidence presented at the hearing on the motion suggests that they had one. Tom Clamon testified that the case was meritless, should be vigorously defended, that he did not believe Mrs. Commander suffered an injury on the job and that she did not report any injury to the company. Again, however, we need not address the issue of the meritorious defense because default judgment in the face of a stay order relied upon by G & C to stop all proceedings against it violated due process.

C its day in court. Under these facts, the trial court's failure to set aside the default judgment and grant a new trial constituted an abuse of discretion.

Accordingly, we reverse the default judgment and remand the cause for new trial subject to a determination by the trial court of the expenses incurred by the Commanders in securing the default judgment and G & C's reimbursement of the Commanders for that amount.