# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00643-CV

**Ramona Harris, Appellant**

**v.**

**Texas Department of Protective and Regulatory Services, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT
### NO. 2000-0684, HONORABLE DON B. MORGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Ramona Harris appeals from the trial court=s judgment terminating her parental rights to her minor children M.H., C.D., and K.D.[1] *See* Tex. Fam. Code Ann. ' 161.001 (West 2002). On appeal, appellant contends that the trial court erred in overruling her motions for continuance (issue one) and severance (issue two).[2] We will affirm the trial court=s judgment.

---

[1] The rights of Ronald Williams, M.H.=s father, were terminated, but he has not appealed. Neither has Steven Dietrick, the father of C.D. and K.D. Harris has a fourth child, C.C., with a different father, Clifford Cooks-Harris. Cooks-Harris=s rights were terminated; he is not an appellant. The court dismissed the proceeding with regard to terminating appellant=s rights to C.C. Accordingly, this child=s status is not at issue in this appeal.

[2] This appeal is controlled by recently enacted procedures requiring a finding by the trial court regarding the merits of the appeal. *See* Tex. Fam. Code Ann. ' 263.405(b), (d) (West 2002) (*enacted at* Act of May 22, 2001, 77th Leg., R.S., ch. 1090, ' 9, 2001 Tex. Gen. Laws 2397-98, effective September 1, 2001) (one of two sections with same number on different topics added by the seventy-seventh legislature). Provisions are made to challenge those findings in the appellate court. *Id*. ' 263.405(g) (West 2002). The

trial court held a hearing, found certain points frivolous, and limited the amount of record that would be provided without payment. Appellant initially indicated that she wished to challenge that determination but later withdrew that challenge and decided to proceed with the appeal only on those points deemed not to be frivolous. Accordingly, the trial court=s finding that issues concerning the charge, the sufficiency of the evidence, and the admission of certain evidence were frivolous are not before us. (Appellant enumerated these points in her list of APrimary Issues Presented@ in her brief but supplied no argument, authorities, or record in support of these points, thus waiving them. *See* Tex. R. App. P. 38.1(h).)

In her first issue presented, appellant contends that the trial court erred in failing to grant her motion for continuance based on newly appointed counsel. The trial court initially appointed Abigail Klamert to represent appellant. Counsel moved to withdraw, but the trial court did not release her. Instead, ten days before trial, the court appointed *additional* counsel, an attorney board certified in family law, to assist in appellant=s representation. Newly appointed counsel Glynn Turquand moved to continue: AAs a matter of *pro forma*, I would like to ask this Court to entertain a Motion for Continuance since I have been newly retained, and provided the Court denies my Motion, we are ready to go.@ The trial court overruled the motion for continuance.

The standard of review for denial of a motion for continuance is abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). A court abuses its discretion when it acts without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Appellant was not left in the situation in which a motion to withdraw had been granted and the litigant was left without counsel or a new counsel was forced to proceed without adequate preparation time. *See Villegas*, 711 S.W.2d at 626; *Kahanek v. Rogers*, 900 S.W.2d 131, 133 (Tex. App.CSan Antonio 1995, no writ). Appellant had both new counsel, board-certified in family law, and original counsel representing her. *See Lynd v. Wesley*, 705 S.W.2d 759, 763-64 (Tex. App.CHouston [14th Dist.] 1986, no writ) (denial of continuance not abuse of discretion when original counsel assisted new lead counsel hired two days before trial). Further, counsel referred to his motion as A*pro forma*,@ allowing the inference that there was no substantive need for a continuance. Counsel also said that Awe are ready to

go.@ *See E.C., Jr. ex rel. Gonzales v. Graydon*, 28 S.W.3d 825, 828 (Tex. App.CCorpus Christi 2000, no pet.) (announcement of Aready@ waived motion for continuance).

In deciding the motion, the trial court had to consider the potential for prejudice to the children by leaving their status unresolved or by returning them to a dangerous environment as well as considering appellant=s needs. The case was a little over a month away from dismissal under an already extended deadline. *See* Tex. Fam. Code Ann. ' 263.401 (West 2002). The Department argues that finding a new available jury date may have been difficult and raised the risk that the case would not be heard in time and dismissed. *See generally In re L.L.*, 65 S.W.3d 194, 196 (Tex. App.CAmarillo 2001, orig. proceeding) (dismissing case that had passed dismissal date when trial court granted parent=s motion for continuance). The trial court had to weigh a variety of factors; we hold the court did not abuse its discretion in denying the motion for continuance and overrule issue one.

In her second issue, appellant contends that the trial court should have granted her motion to sever. Appellant moved to sever the termination actions so that each father was separated into a different trial.

The trial court has broad discretion in determining whether to sever a claim. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990); *Dalisa, Inc. v. Bradford*, 81 S.W.3d 876, 879 (Tex. App.CAustin 2002, no pet.). Courts have tended to frown upon piecemeal trials, Adeeming the public interest, the interests of litigants and the administration of justice to be better served by rules of trial which avoid a multiplicity of suits.@ *Iley v. Hughes*, 311 S.W.2d 648, 651 (Tex. 1958). The purpose of a severance is to further convenience, do justice, and avoid prejudice.

**4**

*Guaranty Fed.*, 793 S.W.2d at 658. Factors to consider are whether: the dispute includes more than one cause of action; if brought independently, the severed claim would be the proper subject of a lawsuit; and the remaining action and the severed claim are not so intertwined that they involve the same issues and facts. *Id.*; *Dalisa*, 81 S.W.3d at 879-80; *cf*. Tex. R. Civ. P. 40 (*all persons may be joined* in one action if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction or series of transactions and if any questions of law or fact common to all of them will arise).

The Department pleaded that all of the parents:

> Knowingly placed or knowingly allowed the child(ren) to remain in conditions or surroundings which endangered the physical and emotional well-being of the child(ren).
>
> Engaged in conduct or knowingly placed the child(ren) with persons who engaged in conduct which endangered the physical and emotional well-being of the child(ren).

*See* Tex. Fam. Code Ann. ' 161.001(1)(D), (E) (West 2002).

In determining whether any of the parents had endangered any of the children, the jury could consider the actions of the other parent. *See In re Caballero*, 53 S.W.3d 391, 396-97 (Tex. App.CAmarillo 2001, pet. denied) (no abuse of discretion in denying severance when questions regarding child=s welfare under care of both parents were sufficiently intertwined); *see also Edwards v. Texas Dep=t of Protective & Regulatory Servs.*, 946 S.W.2d 130, 138 (Tex. App.CEl Paso 1997, no writ) (evidence that father knew that child=s mother was using cocaine while pregnant but did nothing because he too used cocaine sufficient to show father endangered child). Further, termination may be based not only on the

**5**

parent=s direct conduct toward the child, but also on the placement of the child in conditions or surroundings that endanger the child. Those Aconditions and surroundings@ include the people in the child=s environment. *In re B.R.*, 822 S.W.2d 103, 106 (Tex. App.CTyler 1991, writ denied) (inappropriate, debauching, unlawful or unnatural conduct of persons who live in child=s home, or with whom child is compelled to associate on regular basis in his home are inherently part of Aconditions and surroundings@ of home).

Harris=s main complaint seems to be the joinder of Williams, M.H.=s father. Williams was not present at trial and had a criminal record. In the hearing on the motion to sever, the following occurred:

[COURT]      Well, if we have an absent Respondent who the jury will perceive has no interest in the children, and if I suppress any admissable [sic] hearsay about any prior criminal acts of his, I do not see where that particular Respondent is going to prejudice you.

[COUNSEL]    That may be true.

The court granted a motion in limine concerning Williams=s criminal acts, as well as motions in limine concerning other asserted prejudicial facts concerning the other fathers.

A complete reporter=s record was not filed; we cannot determine whether any objectionable evidence was admitted and whether a proper objection was made. *See Prati v. New Prime, Inc.*, 949 S.W.2d 552, 555 (Tex. App.CAmarillo 1997, pet. denied) (ruling on motion in limine does not preserve error; must have timely and specific objection at time subject matter raised at trial). Without a complete record we cannot determine whether error was preserved and the harmful effect of any errors. *See Liberty Nat=l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) (rationale behind severances often that evidence admissible on one claim would be inadmissible on another; if most evidence admissible on all

**6**

claims, Aappropriate limiting instructions@ can be used); *see also* Tex. R. App. P. 33.1 (preservation of appellate complaints).

The trial court had various factors to consider, including problems from delay caused by a severance and the need for multiple trials, as well as possible prejudice to appellant. Appellant has not demonstrated an abuse of discretion in the trial court=s denial of her motion to sever. We overrule the second issue presented and affirm the trial court=s judgment.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: April 3, 2003

7