**Memorandum Opinion filed October 29, 2020.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00970-CV

_____

## IN THE INTEREST OF G.S.C., A CHILD.

_____

**On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2013-47425**

_____

## M E M O R A N D U M   O P I N I O N

Appellant M.C. ("Mother") appeals the trial court's order in a suit to modify the parent-child relationship. The order shifts certain exclusive rights from Mother to appellee M.J. ("Father") and imposes child-support obligations on Mother. Mother complains that the trial court abused its discretion by failing to continue the trial. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In April 2018, Mother initiated this modification proceeding seeking to be

appointed as the sole managing conservator of her son, G.S.C. ("Gavin"),[1] based on allegations of sexual abuse against Father. Father filed a counterpetition seeking expanded rights as joint managing conservator. Father alleged that Mother knowingly fabricated or conveyed to Gavin false accusations of sexual assault and violations by Father of the then-controlling conservatorship decree.

*Mother's Self Representation*

On August 10, 2018, after trial had been postponed upon Mother's request, both parties appeared for trial. Father appeared with counsel; Mother appeared without counsel. During trial, Mother called Gavin's godmother as an "outcry" witness. Mother then called a minister as another "outcry" witness. These witnesses opined that Gavin's outcry regarding allegations of Father's inappropriate conduct was authentic. Mother then called Father's common-law wife as a witness. The trial court admitted various exhibits into evidence during Father's counsel's examination of Father's common-law wife, including Child Protective Services' investigation report. Parts of the report were read into evidence without objection, including portions in which investigators with Child Protective Services ("CPS") determined that the allegations of sexual assault were fabricated and that Mother had generated them.

At the conclusion of the trial, the trial court ordered that the parties remain joint managing conservators and that the exclusive decision-making rights and the exclusive right to designate Gavin's primary residence, previously placed with Mother, would now be shifted to Father. The trial court imposed child-support obligations on Mother.

---

[1] We use initials and pseudonyms to refer to the child. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8.

## II. ISSUES AND ANALYSIS

In two issues, Mother complains that the trial court abused its discretion by failing to continue trial of the case at two different points on the day of trial. We review the denial of a request for a continuance for an abuse of discretion. *In re S.M.H.*, 523 S.W.3d 783, 797 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Texas Rule of Civil Procedure 251, entitled "Continuance," provides that no continuance shall be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. Mother has not shown that she had her attorney withdrawn without Mother's fault. Therefore, we presume that the trial court did not abuse its discretion in denying any requested continuance unless the request was supported by affidavit, the parties agreed to the continuance, or the continuance should have been granted by operation of law. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *In re S.M.H.*, 523 S.W.3d at 797. Any request for continuance by Mother was not supported by an affidavit. The parties did not agree to a continuance, and the record does not show that a continuance should have been granted by operation of law. On this basis alone, the trial court did not abuse its discretion in denying any requested continuance. *See In re S.M.H.*, 523 S.W.3d at 797. In any event, even presuming that Mother had filed a written motion supported by an affidavit, the trial court would not have abused its discretion in denying a continuance for the reasons stated below.

## A. Did Mother request a continuance based on her appearance without counsel?

In her first issue, Mother asserts that she moved for a continuance before the start of trial on the ground that she had no counsel and that the trial court abused its discretion in denying the motion. The record does not show that Mother requested

3

a continuance on absence-of-counsel grounds. The trial court discussed with the parties the history of delays and postponements in the proceeding and in a related proceeding and noted the challenges in proceeding to trial without counsel for Mother. Nonetheless, our record does not reflect that Mother asked the trial court to continue the trial because she had no counsel. Because Mother's argument on appeal as to why she should have received a continuance does not comport with any argument she presented to the trial court, she has failed to preserve error on the appellate complaint she presents today. *See Metro Hosp. Mgmt., LLC v. Harris County Appraisal Dist.*, 01-13-00571-CV, 2014 WL 527536, at \*2–3 (Tex. App.—Houston [1st Dist.] Feb. 6, 2014, no pet.) (mem. op.).

Under her first issue, Mother also contends the record shows that she and attorney Laura Franco had an attorney-client relationship on the date of the trial setting, that Franco "essentially withdrew from her agreement to represent [Mother]," and that the trial court should have determined whether Franco took reasonable steps to avoid foreseeable prejudice to Mother and ensured "that Franco complied with applicable laws and rules." The record does not support the factual basis of Mother's argument. The record does not establish that any attorney represented Mother in this case at the start of trial. Nor does the record show that the trial court permitted any such counsel for Mother to withdraw, as Mother suggests in her appellate briefing. Even if Mother told the trial court off-the-record that she had retained an attorney, that statement would not change the result. The record reflects that the trial court hailed attorney Franco into the courtroom for questioning, and attorney Franco denied that Mother had retained her as counsel. Mother did not dispute Franco's denial. Mother interjected following Franco's denial that Mother was "going to hire" Franco but did not do so because she lacked funds. Franco never signed any pleading and never appeared in court to represent

4

Mother. Franco appeared only for the special purpose of answering the trial court's inquiries about whether Franco had undertaken legal representation for Mother in the case the trial court had called to trial. In response to those inquiries both Franco and Mother's responses showed Mother had not retained Franco to represent her at trial. Thus, the record shows Mother had no reasonable expectation that Franco or any other attorney would represent her at trial.

We overrule Mother's first issue.

**B. Did the trial court abuse its discretion by failing to continue the trial based on the absence of witness Sharise Washington?**

In her second issue, Mother complains that the trial court abused its discretion by failing to continue trial on the ground that CPS caseworker Sharise Washington was not available to testify. Mother alleges that she orally moved for a continuance mid-trial due to Washington's absence, shortly after learning that Father's lawyer released Washington from her obligation to appear at trial. Mother cites the part of the reporter's record in which Mother said, "There are other witnesses that can show up and we had to continue. I don't think it would be fair." Because the statement is made in the past tense, we cannot conclude that Mother's spoken words amounted to a request for the trial court to continue the trial. This past-tense statement lines up contextually with statements Mother made several moments later when explaining to the trial court why the hearing (on Mother's application for a temporary protective order) was reset to later in the month.

To support her assertion that Washington's testimony met the materiality requirement, Mother points to the part of the reporter's record in which Mother said, "I believe Sharise [Washington], if she knows more knowledge about the case [than her supervisor Jessica Del Fierro], she should be present."

The trial court expressed a desire to hear Washington's testimony and noted

that Father's attorney had no authority to release Washington after the witness had been sworn. Then, the trial court, in passing, sua sponte weighed the merits of delaying trial for Washington's testimony, stating to Mother:

> Once again this puts me in the box. I very much would like to hear from Sharise Washington. However, this gentleman is entitled to have his day in Court; and you have done everything possible to delay.

Mother did not explain how the absence of Washington's testimony (or evidence that could be offered through Washington) would impact the presentation of her case. Though the trial court and Mother acknowledged the absence of the witness, on this record we cannot say that Mother preserved her complaint with sufficient specificity to make the trial court aware that she was seeking a continuance based on Washington's absence. *See Langan v. Langan*, 14-12-01134-CV, 2014 WL 3051216, at *11 (Tex. App.—Houston [14th Dist.] July 3, 2014, no pet.) (mem. op.).

Moreover, even if Mother had preserved error and established the materiality of the witness, we still could find no abuse of discretion in the trial court's decision to proceed with the trial without the witness (Washington). *See Daugherty v. Jacobs*, 187 S.W.3d 607, 619–20 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("If parties choose to forego their rights under the rules and resort to other less effective and less certain means of procuring the testimony of a material witness, they must be held to the risk they will be put to trial without the benefit of the testimony"). Mother failed to demonstrate any diligence in procuring Washington's testimony. Mother also failed to show that she could not have done so through pretrial discovery, or assert that Washington's testimony was not sought for delay. *See Lynd v. Wesley,* 705 S.W.2d 759, 764 (Tex. App.--Houston [14th Dist.] 1986, no writ) (affirming trial court's denial of motion for continuance and holding appellant failed to comply with Rule 252's requirements where appellant

did not allege materiality of witness's testimony or explain what appellant sought to prove by testimony, and failed to subpoena witness or take deposition and provided no reasons why appellant could not have done so); *see also Daugherty,* 187 S.W.3d at 619 (upholding trial court's denial of motion for continuance in part because appellant failed to show absent witness's testimony could not have been taken by deposition). Throughout trial, the trial court noted the absence of any efforts to conduct discovery and Mother's efforts to delay through serial motions for protection. Even if Mother could overcome the failure to preserve error and failure to comply with the continuance rules, we would conclude that the trial court did not abuse its discretion in denying a request for continuance on the ground that Washington was not available to testify.

We overrule Mother's second issue.

### III. CONCLUSION

Mother has not shown that the trial court abused its discretion by failing to continue the modification trial because Mother had no attorney or because Washington was unavailable to testify. Having overruled both of Mother's issues on appeal, we affirm the trial court's judgment.


/s/    Kem Thompson Frost
        Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.